IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHELLE LANE and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC HOLDER, Attorney General of the<br>United States, and W. STEVEN FLAHERTY,<br>Superintendent, Virginia State Police,<br><br>Defendants. | Case No. 1:11CV503<br><br>COMPLAINT (GBL|TRJ) |

## COMPLAINT

**COME NOW** the Plaintiffs, Michelle Lane and the Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the Defendants as follows:

## THE PARTIES

1. Plaintiff Michelle Lane is a citizen of the United States and a resident of the District of Columbia.

2. Plaintiff Second Amendment Foundation, Inc. (hereafter "SAF"), is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including the District of Columbia. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

3. Defendant Eric Holder is the Attorney General of the United States, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States. In that capacity, Mr. Holder is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action.

4. Defendant W. Steven Flaherty is the Superintendent of the Virginia State Police and serves as the chief executive officer of that Department. As such, Flaherty is responsible for executing and administering laws, customs, practices, and policies of the State of Virginia. In that capacity, Col. Flaherty is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 2201, and 42 U.S.C. § 1983.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391, as this is the District and Division in which a substantial part of the events or omissions giving rise to the claim occurred and are occurring, and in which the property that is the subject of the action is situated.

## STATEMENT OF FACTS

7. Michelle Lane is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced her citizenship, and has never been

the subject of a restraining order relating to a child or an intimate partner. Ms. Lane holds a valid Utah permit to carry a handgun, which is recognized in numerous states.

8. Title 18 U.S.C. §§ 922(a)(3), (5) forbid individuals from transporting into or receiving in their state of residence, any firearm acquired outside that state since December 16, 1968, except for firearms acquired by bequest or intestate succession, or pursuant to a purchase from a federally-licensed dealer that complies with 18 U.S.C. § 922(b)(3). For purposes of these provisions, the District of Columbia is a "state." 18 U.S.C. § 921(a)(2).

9. On April 25, 2011, Ms. Lane ordered two handguns from a licensed federal firearms dealer in Lorton, Virginia: a Kahr K9 Elite, and Ruger LCR. Prior to purchasing these handguns, Ms. Lane verified with the District of Columbia's Metropolitan Police Department that both handguns were legal for her to possess in the District of Columbia, as she intends to do.

10. Title 18, U.S.C. § 922(b)(3) and 27 CFR § 478.99 bar a licensed federal firearms dealer from selling firearms to individuals who do not reside within the state in which the dealer's place of business is located. An exception to this prohibition allows a dealer to sell rifles and shotguns to residents of states where the dealer does not maintain a place of business, as long as the transaction would be legal "in both states," that is, the purchaser's state, and the dealer's state. By operation of these provisions, handgun purchasers may only take delivery of new retail handguns from a federal firearms licensee in the state wherein they reside.

11. Va. Code § 18.2-308.2:2 bars a firearms dealer from selling handguns, but not rifles or shotguns, to individuals who do not reside in Virginia.

12. Owing to the operation of 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, and Va. Code § 18.2-308.2:2, Ms. Lane cannot take possession of her handguns from the Lorton, Virginia

3

firearms dealer from whom she ordered the handguns. In order to for Ms. Lane to take possession of her handguns, the Virginia dealer must first transfer them to a federal firearms licensee in the District of Columbia, who could, in turn, transfer the handguns to Ms. Lane.

13. Until recently, only one federal firearms licensee, Charles Sykes, was in the business of effectuating lawful handgun transfers to District of Columbia residents. Sykes charged a fee of $125 per handgun transfer (in addition to the cost of purchasing the handgun), and did not maintain an inventory of handguns for retail sale. A District of Columbia resident wishing to purchase a handgun was required to first shop for the handgun outside the District of Columbia, arrange for it to be shipped to Mr. Sykes, and then schedule an appointment with Mr. Sykes in order to process and effectuate delivery of the handgun.

14. Mr. Sykes has recently lost his lease in the District of Columbia and accordingly, as of this writing, is barred from effecting handgun transfers for District of Columbia residents. As a result, by operation of 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99, District of Columbia residents are unable to acquire handguns.

15. Ms. Lane is fully qualified to possess handguns under federal and District of Columbia law. But for the operation of 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, and Va. Code § 18.2-308.2:2, Ms. Lane would take delivery of her two handguns from the Virginia dealership where they are currently located. However, as Ms. Lane resides in the District of Columbia, she cannot lawfully take possession of these handguns.

16. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under

Defendant Holder's authority, in order to purchase a firearm. 27 CFR § 478.124. Question 13 on Form 4473 provides, "What is your State of residence (*if any*)? _____"

17. Ms. Lane reasonably fears arrest, prosecution, incarceration and/or fine if she were to provide false state residence information on a Form 4473 in order to purchase a handgun, and she is unwilling to provide any false information on any government form.

18. Title 18 U.S.C. § 922(b)(3), 27 CFR § 478.99 and Va. Code § 18.2-308.2:2, as applied to Ms. Lane and to similarly situated individuals, are presently causing said individuals injury in that these provisions prevent presently-intended firearms purchases from being completed. These provisions not only have the effect of barring District of Columbia residents from acquiring handguns, but also, generally, unjustifiably frustrate and make more expensive all Americans' attempts to obtain the handguns of their choice.

### FIRST CLAIM FOR RELIEF
### U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR § 478.99
### <u>DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, 2202</u>

19. Paragraphs 1 through 18 are incorporated as though fully stated herein.

20. The Second Amendment guarantees individuals a fundamental right to possess handguns. The handguns whose possession is protected by the Second Amendment are those of the kind that are or would be in common use by law-abiding people for lawful purposes, including the two handguns Ms. Lane sought to purchase in Virginia.

21. By maintaining and enforcing 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99, banning and otherwise burdening access to handguns whose possession is protected by the Second Amendment, Defendant Holder is propagating customs, policies, and practices that

violate the Second Amendment to the United States Constitution, facially and as applied against Ms. Lane and SAF's membership. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief against such customs, policies, and practices.

## SECOND CLAIM FOR RELIEF
## U.S. CONST., AMEND. V – EQUAL PROTECTION
## WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR § 478.99
## DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, 2202

22. Paragraphs 1 through 21 are incorporated as though fully stated herein.

23. Title 18, U.S.C. § 922(b)(3) and 27 CFR § 478.99, banning the purchase of handguns by otherwise qualified individuals solely on account of their residence, improperly classify individuals according to their residence status in violation of the Fifth Amendment right to equal protection of the law. By maintaining and enforcing these provisions, banning and otherwise burdening access to handguns whose possession is protected by the Second Amendment, Defendant Holder is propagating customs, policies, and practices that violate the Fifth Amendment to the United States Constitution, facially and as applied against Ms. Lane and SAF's membership. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief against such customs, policies, and practices.

## THIRD CLAIM FOR RELIEF
## U.S. CONST., AMENDS. II, XIV – THE RIGHT TO KEEP AND BEAR ARMS
## WITH RESPECT TO VA. CODE § 18.2-308.2:2
## 42 U.S.C. § 1983

24. Paragraphs 1 through 23 are incorporated as though fully stated herein.

25. The Second Amendment secures fundamental rights, and is fully binding upon state officials pursuant to the Privileges or Immunities and/or Due Process Clauses of the Fourteenth Amendment.

26. By maintaining and enforcing Va. Code § 18.2-308.2:2, banning and otherwise burdening access to handguns whose possession is protected by the Second Amendment, Defendant Flaherty is propagating customs, policies, and practices that violate the Second and Fourteenth Amendments to the United States Constitution, facially and as applied against Ms. Lane and SAF's membership. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief against such customs, policies, and practices.

## FOURTH CLAIM FOR RELIEF
## U.S. CONST., AMEND. XIV – EQUAL PROTECTION
## WITH RESPECT TO VA. CODE § 18.2-308.2:2
## 42 U.S.C. § 1983

27. Paragraphs 1 through 26 are incorporated as though fully stated herein.

28. Va. Code § 18.2-308.2:2, banning the purchase of handguns by otherwise qualified individuals solely on account of their residence, improperly classifies individuals according to their residence status in violation of the Fifth Amendment right to equal protection of the law. By maintaining and enforcing these provisions, banning and otherwise burdening access to handguns whose possession is protected by the Second Amendment, Defendant Flaherty is propagating customs, policies, and practices that violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, facially and as applied against Ms. Lane and SAF's membership. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief against such customs, policies, and practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against defendants as follows:

1. Orders preliminarily and permanently enjoining Defendant Holder, his officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(b)(3), and 27 CFR § 478.99, in such manner as to forbid the sale of handguns to otherwise qualified individuals on account of their state of residence;

2. Orders preliminarily and permanently enjoining Defendant Flaherty, his officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing Va. Code § 18.2-308.2:2 in such manner as to forbid the sale of handguns to otherwise qualified individuals on account of their state of residence;

3. Declaratory relief consistent with the injunction, to the effect that individuals may not be barred the ability to purchase handguns on account of their state of residence;

4. Attorney fees and costs of suit pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988;

5. Ordinary taxable costs of suit; and

6. Any other further relief as the Court deems just and appropriate.

Dated: May 10, 2011

Respectfully submitted,

Alan Gura (Va. Bar No. 68842)
GURA & POSSESSKY, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: _____
Alan Gura
Attorney for Plaintiffs