IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHELLE LANE, MATTHEW WELLING, AMANDA WELLING, and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ERIC HOLDER, Attorney General of the United States; W. STEVEN FLAHERTY, Superintendent, Virginia State Police; and DISTRICT OF COLUMBIA, <br><br> Defendants. | ) Case No. 1:11-CV-503-GBL/TRJ <br> ) <br> ) <br> )  FIRST AMENDED <br> )  COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## FIRST AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Michelle Lane, Matthew Welling, Amanda Welling, and the

Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the

Defendants as follows:

THE PARTIES

1.    Plaintiffs Michelle Lane, Matthew Welling, and Amanda Welling are citizens of

the United States and residents of the District of Columbia.

2.    Plaintiff Second Amendment Foundation, Inc. (hereafter "SAF"), is a non-profit

membership organization incorporated under the laws of Washington with its principal place of

business in Bellevue, Washington.  SAF has over 650,000 members and supporters nationwide,

including the District of Columbia.  The purposes of SAF include education, research, publishing

and legal action focusing on the Constitutional right to privately own and possess firearms, and

the consequences of gun control.  SAF brings this action on behalf of itself and its members.

3.      Defendant Eric Holder is the Attorney General of the United States, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States.  In that capacity, Mr. Holder is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action.

4.      Defendant W. Steven Flaherty is the Superintendent of the Virginia State Police and serves as the chief executive officer of that Department. As such, Flaherty is responsible for executing and administering laws, customs, practices, and policies of the State of Virginia.  In that capacity, Col. Flaherty is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action.

5.      Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

<u>JURISDICTION AND VENUE</u>

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 2201, and 42 U.S.C. § 1983.

7.      Venue lies in this Court pursuant to 28 U.S.C. § 1391, as this is the District and Division in which a substantial part of the events or omissions giving rise to the claim occurred and are occurring, and in which the property that is the subject of the action is situated.

<u>STATEMENT OF FACTS</u>

8.      Michelle Lane, Matthew Welling, and Amanda Welling are all over the age of 21, not under indictment, have never been convicted of a felony or misdemeanor crime of domestic violence, not fugitives from justice, not unlawful users of or addicted to any controlled substance, have not been adjudicated mental defectives or committed to a mental institution, have not been

2

discharged from the Armed Forces under dishonorable conditions, have never renounced their citizenship, and have never been the subject of a restraining order relating to a child or an intimate partner.  Ms. Lane holds a valid Utah permit to carry a handgun, which is recognized in numerous states.

9.      Title 18 U.S.C. §§ 922(a)(3), (5) forbid individuals from transporting into or receiving in their state of residence, any firearm acquired outside that state since December 16, 1968, except for firearms acquired by bequest or intestate succession, or pursuant to a purchase from a federally-licensed dealer that complies with 18 U.S.C. § 922(b)(3). For purposes of these provisions, the District of Columbia is a "state." 18 U.S.C. § 921(a)(2).

10.      On April 25, 2011, Ms. Lane ordered two handguns from a licensed federal firearms dealer in Lorton, Virginia: a Kahr K9 Elite, and Ruger LCR. Prior to purchasing these handguns, Ms. Lane verified with the District of Columbia's Metropolitan Police Department that both handguns were legal for her to possess in the District of Columbia, as she intends to do.

11.      Several homes on the Capitol Hill block where Matthew and Amanda Welling live with their infant son have been burglarized in recent years. The Wellings have experienced theft from their patio and their car. The Wellings would like to accept the offer of Amanda Welling's father, David Slack of Texas, to gift them a handgun for their use in home self-defense. The handgun, a Glock 19, is legal for the Wellings to possess in Washington, D.C. Slack would transfer the handgun to Amanda Welling through a federal licensee in Virginia near the couple's home. In case of emergency, Matthew Welling could use the handgun as well.

12.      Title 18, U.S.C. § 922(b)(3) and 27 CFR § 478.99 bar a licensed federal firearms dealer from transferring firearms to individuals who do not reside within the state in which the

dealer's place of business is located. An exception to this prohibition allows a dealer to transfer rifles and shotguns to residents of states where the dealer does not maintain a place of business, as long as the transaction would be legal "in both states," that is, the purchaser's state, and the dealer's state.  By operation of these provisions, handgun purchasers may only take delivery of new retail handguns from a federal firearms licensee in the state wherein they reside. Likewise, anyone acquiring a handgun from outside their state of residence must utilize an in-state federal firearms licensee to accomplish the transfer.

13.     Va. Code § 18.2-308.2:2 bars a firearms dealer from selling handguns, but not rifles or shotguns, to individuals who do not reside in Virginia.

14.     District of Columbia law requires that all firearms be registered. To that effect, "[a]n application for a registration certificate shall be filed (and a registration certificate issued) prior to taking possession of a firearm from a licensed dealer or [other registrant]," and "[i]n all other cases, an application for registration shall be filed immediately after a firearm is brought into the District" within 48 hours of providing notice to the police department. D.C. Code § 7-2502.06(a).

15.     However, the District's Municipal Regulations impose additional restrictions on the acquisition of handguns. Among these, a handgun registration applicant must "[p]resent the Firearm Registration application to a licensed firearm dealer, whose assistance is necessary to complete the application." D.C.M.R. 24-2320.3(b). A "licensed firearm dealer" for purposes of this provision is a dealer licensed by the District of Columbia. D.C.M.R. 24-2399.

16.     Having obtained the signature of an in-District dealer on the application form, the prospective handgun purchaser must take the form back to the District's police station for further

4

processing. Once the handgun consumer obtains the required police seal on the handgun

registration application, the consumer must "[p]resent the sealed Firearm Registration application

to the licensed firearms dealer and take delivery of the applicant's pistol pending completion of a

ballistic identification procedure, *or, in the case of a purchase from a firearms dealer located in*

*another jurisdiction, have that firearms dealer transport the applicant's pistol to a licensed*

*firearms dealer in the District, where the applicant will take delivery of the pistol* pending

completion of a ballistic identification procedure." D.C.M.R. 24-2320.3(f) (emphasis added).

17.     Owing to the operation of 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, Va. Code §

18.2-308.2:2, and D.C.M.R. 24-2320.3(b), (f), Ms. Lane cannot take possession of the handguns

from the Lorton, Virginia firearms dealer from whom she ordered the handguns, and the

Wellings cannot take possession of the handgun sent by Slack. In order for Plaintiffs to take

possession of the handguns, they must first have their registration forms filled out in the District

of Columbia, and the Virginia dealer, and Slack, must arrange to transfer the various handguns to

a federal firearms licensee in the District of Columbia, who could, in turn, transfer the handguns

to Plaintiffs.

18.     Until recently, only one federal firearms licensee, Charles Sykes, was in the

business of effectuating lawful handgun transfers to District of Columbia residents. Sykes

charged a fee of $125 per handgun transfer (in addition to the cost of purchasing the handgun),

and did not maintain an inventory of handguns for retail sale. A District of Columbia resident

wishing to purchase a handgun was required to first shop for the handgun outside the District of

Columbia, visit Mr. Sykes to have him fill out the registration form in a face-to-face meeting,

then arrange for the handgun to be shipped to Mr. Sykes, and then schedule another appointment

with Mr. Sykes in order to process and effectuate delivery of the handgun after the registration

form's approval by the District's Metropolitan Police Department.

19.     Mr. Sykes has recently lost his lease in the District of Columbia and accordingly,

as of this writing, is barred from effecting handgun transfers for District of Columbia residents.

As a result, by operation of 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, and D.C.M.R. 24-

2320.3(b), (f), District of Columbia residents are unable to acquire handguns.

20.     Plaintiffs are fully qualified to possess handguns under federal and District of

Columbia law. But for the operation of 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, Va. Code §

18.2-308.2:2, and D.C.M.R. 24-2320.3(b), (f), Ms. Lane would take delivery of her two

handguns from the Virginia dealership where they are currently located, and Amanda Welling

would take delivery of the handgun sent by her father from a Virginia federal firearms licensee.

However, as Plaintiffs reside in the District of Columbia, they cannot lawfully take possession of

these handguns.

21.     All firearms transferees within the United States who do not possess a Federal

Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete

"Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under

Defendant Holder's authority, in order to purchase or otherwise take possession of a firearm from

a federal licensee.  27 CFR § 478.124.  Question 13 on Form 4473 provides, "What is your State

of residence (*if any*)? _____ "

22.     Plaintiffs reasonably fear arrest, prosecution, incarceration and/or fine if they were

to provide false state residence information on a Form 4473 in order to obtain a handgun, and

they are unwilling to provide any false information on any government form.

6

23.     Title 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, Va. Code § 18.2-308.2:2, and

D.C.M.R. 24-2320.3(b), (f), as applied to Plaintiffs and to similarly situated individuals, are

presently causing said individuals injury in that these provisions prevent presently-intended

firearms purchases from being completed. These provisions not only have the effect of barring

District of Columbia residents from acquiring handguns, but also, generally, unjustifiably

frustrate and make more expensive Americans' attempts to obtain the handguns of their choice.

FIRST CLAIM FOR RELIEF
U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR § 478.99
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202

24.     Paragraphs 1 through 23 are incorporated as though fully stated herein.

25.     The Second Amendment guarantees individuals a fundamental right to possess

handguns. The handguns whose possession is protected by the Second Amendment are those of

the kind that are or would be in common use by law-abiding people for lawful purposes,

including the two handguns Ms. Lane sought to purchase in Virginia and the handgun Amanda

Welling seeks to acquire from David Slack.

26.     By maintaining and enforcing 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99,

banning and otherwise burdening access to handguns whose possession is protected by the

Second Amendment, Defendant Holder is propagating customs, policies, and practices that

violate the Second Amendment to the United States Constitution, facially and as applied against

Ms. Lane, the Wellings, and SAF's membership. Plaintiffs are therefore entitled to preliminary

and permanent injunctive relief against such customs, policies, and practices.

SECOND CLAIM FOR RELIEF
U.S. CONST., AMEND. V – EQUAL PROTECTION
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR § 478.99
<u>DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202</u>

27.     Paragraphs 1 through 26 are incorporated as though fully stated herein.

28.     Title 18, U.S.C. § 922(b)(3) and 27 CFR § 478.99, banning the purchase of

handguns by otherwise qualified individuals solely on account of their residence, improperly

classify individuals according to their residence status in violation of the Fifth Amendment right

to equal protection of the law. By maintaining and enforcing these provisions, banning and

otherwise burdening access to handguns whose possession is protected by the Second

Amendment, Defendant Holder is propagating customs, policies, and practices that violate the

Fifth Amendment to the United States Constitution, facially and as applied against Ms. Lane, the

Wellings, and SAF's membership. Plaintiffs are therefore entitled to preliminary and permanent

injunctive relief against such customs, policies, and practices.

THIRD CLAIM FOR RELIEF
U.S. CONST., AMENDS. II, XIV – THE RIGHT TO KEEP AND BEAR ARMS
WITH RESPECT TO VA. CODE § 18.2-308.2:2
<u>42 U.S.C. § 1983</u>

29.     Paragraphs 1 through 28 are incorporated as though fully stated herein.

30.     The Second Amendment secures fundamental rights, and is fully binding upon

state officials pursuant to the Privileges or Immunities and/or Due Process Clauses of the

Fourteenth Amendment.

31.     By maintaining and enforcing Va. Code § 18.2-308.2:2, banning and otherwise

burdening access to handguns whose possession is protected by the Second Amendment,

Defendant Flaherty is propagating customs, policies, and practices that violate the Second and

8

Fourteenth Amendments to the United States Constitution, facially and as applied against Ms.

Lane, the Wellings, and SAF's membership. Plaintiffs are therefore entitled to preliminary and

permanent injunctive relief against such customs, policies, and practices.

FOURTH CLAIM FOR RELIEF
U.S. CONST., AMEND. XIV – EQUAL PROTECTION
WITH RESPECT TO VA. CODE § 18.2-308.2:2
42 U.S.C. § 1983

32.     Paragraphs 1 through 31 are incorporated as though fully stated herein.

33.     Va. Code § 18.2-308.2:2, banning the purchase of handguns by otherwise

qualified individuals solely on account of their residence, improperly classifies individuals

according to their residence status in violation of the Fourteenth Amendment right to equal

protection of the law. By maintaining and enforcing these provisions, banning and otherwise

burdening access to handguns whose possession is protected by the Second Amendment,

Defendant Flaherty is propagating customs, policies, and practices that violate the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution, facially and as

applied against Ms. Lane, the Wellings, and SAF's membership. Plaintiffs are therefore entitled

to preliminary and permanent injunctive relief against such customs, policies, and practices.

FIFTH CLAIM FOR RELIEF
U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS
WITH RESPECT TO D.C.M.R. 24-2320.3(b), (f)
42 U.S.C. § 1983

34.     Paragraphs 1 through 33 are incorporated as though fully stated herein.

35.     By maintaining and enforcing D.C.M.R. 24-2320.3(b), (f), banning and otherwise

burdening acquisition of handguns in Virginia whose possession is protected by the Second

Amendment, Defendant District of Columbia is propagating customs, policies, and practices that

9

violate the Second Amendment to the United States Constitution, facially and as applied against

Ms. Lane, the Wellings, and SAF's membership. Plaintiffs are therefore entitled to preliminary

and permanent injunctive relief against such customs, policies, and practices.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against

defendants as follows:

1.      Orders preliminarily and permanently enjoining Defendant Holder, his officers,

agents, servants, employees, and all persons in active concert or participation with him who

receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(b)(3), and 27 CFR §

478.99, in such manner as to forbid the sale of handguns to otherwise qualified individuals on

account of their state of residence;

2.      Orders preliminarily and permanently enjoining Defendant Flaherty, his officers,

agents, servants, employees, and all persons in active concert or participation with him who

receive actual notice of the injunction, from enforcing Va. Code § 18.2-308.2:2 in such manner

as to forbid the sale of handguns to otherwise qualified individuals on account of their state of

residence;

4.      Orders preliminarily and permanently enjoining Defendant District of Columbia,

its officers, agents, servants, employees, and all persons in active concert or participation with it

who receive actual notice of the injunction, from enforcing D.C.M.R. 24-2320.3(b) and (f) in

such manner as to require handgun registration applicants acquiring their handguns from dealers

in Virginia to first transport the handguns from Virginia to a District of Columbia firearms

dealer, and from otherwise mandating the involvement of District of Columbia firearms dealers

10

in handgun transactions occuring between Virginia firearms dealers and their District of

Columbia customers;

4.     Declaratory relief consistent with the injunction, to the effect that individuals may

not be barred the ability to purchase handguns on account of their state of residence;

5.     Attorney fees and costs of suit pursuant to 28 U.S.C. § 2412 and 42 U.S.C. §

1988;

6.     Ordinary taxable costs of suit; and

7.     Any other further relief as the Court deems just and appropriate.

Dated: May 27, 2011          Respectfully submitted,

                              Alan Gura (Va. Bar No. 68842)
                              GURA & POSSESSKY, PLLC
                              101 N. Columbus Street, Suite 405
                              Alexandria, VA 22314
                              703.835.9085/Fax 703.997.7665

            By: /s/ Alan Gura                 
                Alan Gura
                Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

       Anna E. Cross
       Assistant U.S. Attorney
       2100 Jamieson Avenue
       Alexandria, VA 22314

       Catherine Hill
       Senior Assistant Attorney General
       900 East Main Street
       Richmond, VA 23219


       /s/ Alan Gura
       Alan Gura

       Counsel for Plaintiffs