**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

---

| | |
|---|---|
| **MICHELLE LANE, MATTHEW WELLING,** : | |
| **AMANDA WELLING, and** : | |
| **SECOND AMENDMENT FOUNDATION, INC.,** : | Case No. 11-CV-503 GBL/TRJ |
| : | |
| **Plaintiffs,** : | **ANSWER TO AMENDED** |
| : | **COMPLAINT WITH** |
| **v.** : | **DEMAND FOR JURY** |
| : | **TRIAL** |
| **ERIC HOLDER, Attorney General of the** : | |
| **United States, W. STEVEN FLAHERTY,** : | |
| **Superintendent, Virginia State Police; and** : | |
| **THE DISTRICT OF COLUMBIA,** : | |
| : | |
| **Defendants.** : | |

---

**DEFENDANT THE DISTRICT OF COLUMBIA'S ANSWER
TO THE AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, the District of Columbia ("District"), by and through undersigned counsel,

respectfully responds to the allegations set forth in the Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant responds to the respective paragraphs of the Amended Complaint as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph, and, accordingly, denies these allegations,

except admits upon information and belief that Ms. Lane is a District of Columbia resident.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph, and, accordingly, denies these allegations.

3.      This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations set forth therein, except admits that Defendant Eric Holder is the Attorney General of the United States.

4.      This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations set forth therein, except admits that Defendant W. Steven Flaherty is the Superintendent of the Virginia State Police.

5.      Defendant admits the allegations set forth in this paragraph.

## JURISDICTION AND VENUE

6.      This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant does not challenge this Court's jurisdiction over the subject matter of this civil action.

7.      This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations set forth therein.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and, accordingly, denies these allegations.

9.      This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations therein and respectfully refers the Court to 18 U.S.C. §§ 922(a)(3), (5), 18 U.S.C. § 922(b)(3), and 18 U.S.C. § 921(a)(2) for complete and accurate statements of their respective texts and effects.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and, accordingly denies these allegations, except that Defendant admits that prior to April 25, 2011, Michelle Lane was advised by an officer of the District of Columbia Metropolitan Police Department that a Kahr K9 Elite handgun and a Ruger LCR handgun, were lawful to be possessed by residents of the District of Columbia to the extent that such persons were eligible to possess such handguns and had complied with all applicable provisions of law.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and, accordingly, denies these allegations.

12.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations therein and respectfully refers the Court to 18 U.S.C. §§ 922(a)(3) and 27 CFR § 478.99 for complete and accurate statements of their respective texts and effects.

13.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations therein and respectfully refers the Court to Va. Code § 18.2 – 308.2:2 for a complete and accurate statement of its text and effects.

14.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant respectfully refers the Court to D.C. Official Code § 7-2502.06(a) for a complete and accurate statement of its text and effects.

15.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations therein and respectfully refers the Court to 24 D.C.M.R. § 2320.3(b) and 24 D.C.M.R. § 2399  for complete and accurate statements of their respective texts and effects, and admits the allegation set forth in the first sentence of this paragraph that the District's Municipal Regulations impose requirements for lawful acquisition of handguns by District residents in addition to those provided for by D.C. Official Code § 7-2502.06(a).

16.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations therein and respectfully refers the Court to 24 D.C.M.R. § 2320.3(f)  for complete and accurate statements of its text and effects.

17.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations set forth therein and respectfully refers the Court to 18 U.S.C. § 922(b)(3). 27 CFR § 478.99, Va. Code § 18.2-308.2:2, and 24 D.C.M.R. § 2320.3(b), (f) for complete and accurate statements of their respective texts and effects.  Further, Defendant lacks knowledge or regarding the alleged possession by Virginia firearms dealers of the handguns sought by Ms. Lane or the Wellings sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and, accordingly, denies these allegations

18.     Defendant admits the allegations set forth in this paragraph.

19.     Defendant denies the allegations set forth in the first sentence of this paragraph, except admits that Mr. Sykes, as of the date of the filing of the Amended Complaint did not enjoy a leasehold of the premises at which he had previously conducted his business as a federal

firearms licensee ("FFL"), and further admits that because Mr. Sykes has not since taken

occupancy of a suitable location at which to conduct his business as an FFL he is barred from

effectuating handgun transfers for District of Columbia residents.  The second sentence of this

paragraph of the Amended Complaint sets forth the pleader's contentions of law, and

accordingly, does not require a response; to the extent that a response is required, Defendant

denies the allegations therein and respectfully refers the Court to 18 U.S.C. § 922(b)(3), 27 CFR

§ 478.99 and 24 D.C.M.R. § 2320.3(b), (f) for complete and accurate statements of their

respective texts and effects.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in the first sentence of this paragraph, and, accordingly denies

these allegations. The remaining sentences of this paragraph of the Amended Complaint set forth

the pleader's contentions of law, and accordingly, does not require a response; to the extent that a

response is required, Defendant denies the allegations set forth therein.

21.     The first sentence of this paragraph of the Amended Complaint sets forth the

pleader's contentions of law, and accordingly, does not require a response; to the extent that a

response is required, Defendant respectfully refers the Court to 27 CFR § 478.124 for a complete

and accurate statement of its text and effects.  Defendant admits the allegations set forth in the

second sentence of this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph, and, accordingly denies these allegations.

23.     This paragraph of the Amended Complaint sets forth the pleader's contentions of

law, and accordingly, does not require a response; to the extent that a response is required,

Defendant denies the allegations therein and respectfully refers the Court to 18 U.S.C. §

922(b)(3), 27 CFR § 478.99, Va. Code § 18.2-308.2:2, and 24 D.C.M.R. § 2320.3(b), (f) for

complete and accurate statements of their respective texts and effects.

**FIRST CLAIM FOR RELIEF**
**U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS**
**WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR § 478.99**
**<u>DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202</u>**

24.    Defendant's responses to each and every allegation of paragraphs 1 through 23

are incorporated by reference in response to this paragraph with the same force and effect if

repeated and restated here in full.

25.    This paragraph of the Amended Complaint relates only to a defendant other than

the District of Columbia, and accordingly, does not require a response.

26.    This paragraph of the Amended Complaint relates only to a defendant other than

the District of Columbia, and accordingly, does not require a response.

**SECOND CLAIM FOR RELIEF**
**U.S. CONST., AMEND. V – EQUAL PROTECTION**
**WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR § 478.99**
**<u>DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202</u>**

27.    Defendant's responses to each and every allegation of paragraphs 1 through 26

are incorporated by reference in response to this paragraph with the same force and effect if

repeated and restated here in full.

28.    This paragraph of the Amended Complaint relates only to a defendant other than

the District of Columbia, and accordingly, does not require a response.

**THIRD CLAIM FOR RELIEF**
**U.S. CONST., AMENDS. II, XIV – THE RIGHT TO KEEP AND BEAR ARMS**
**WITH RESPECT TO VA. CODE § 18-308.2:2**
**42 U.S.C. § 1983**

29.     Defendant's responses to each and every allegation of paragraphs 1 through 28 are incorporated by reference in response to this paragraph with the same force and effect if repeated and restated here in full.

30.     This paragraph of the Amended Complaint relates only to a defendant other than the District of Columbia, and accordingly, does not require a response.

31.     This paragraph of the Amended Complaint relates only to a defendant other than the District of Columbia, and accordingly, does not require a response.

**FOURTH CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV – EQUAL PROTECTION**
**WITH RESPECT TO VA. CODE § 18-308.2:2**
**42 U.S.C. § 1983**

32.     Defendant's responses to each and every allegation of paragraphs 1 through 31 are incorporated by reference in response to this paragraph with the same force and effect if repeated and restated here in full.

33.     This paragraph of the Amended Complaint relates only to a defendant other than the District of Columbia, and accordingly, does not require a response.

**FIFTH CLAIM FOR RELIEF**
**U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS**
**WITH RESPECT TO D.C.M.R. 24-2320.3(b), (f)**
**42 U.S.C. § 1983**

34.     Defendant's responses to each and every allegation of paragraphs 1 through 33 are incorporated by reference in response to this paragraph with the same force and effect if repeated and restated here in full.

35.     This paragraph of the Amended Complaint sets forth the pleader's contentions of law, and accordingly, does not require a response; to the extent that a response is required, Defendant denies the allegations set forth therein.

## PRAYER FOR RELIEF

Plaintiffs' Prayer For Relief, consisting of seven paragraphs requires no response; to the extent that a response is required, Plaintiffs' Prayer for Relief is denied in its entirety.

In further response to the Amended Complaint, Defendant denies each and every allegation set forth therein not otherwise specifically responded to.

## THIRD DEFENSE

Plaintiffs lack standing to prosecute any claim herein against the District of Columbia.

## FOURTH DFEENSE

Plaintiffs' Fifth Claim, which sounds solely against the District of Columbia and presents a challenge only to District of Columbia municipal law is improperly joined.

## FIFTH DEFENSE

Venue in this district is improper as to Plaintiffs' claim against the District of Columbia.

## SIXTH DEFENSE

Plaintiffs' claims for costs and attorneys fees as against the District of Columbia are barred by supervening causes to the extent that this Court determines that the laws, statutes, and/or regulations of either or both of the co-defendants violates Plaintiffs' constitutional rights.

## SEVENTH DEFENSE

Plaintiffs' claims for costs and attorneys fees as against the District of Columbia are barred by supervening causes to the extent that this Court determines that Plaintiffs' constitutional rights are abridged as a result of the absence of a federal firearms licensee

operating within the District of Columbia to effectuate handgun transfers of the nature sought by Plaintiffs.

## **EIGHTH DEFENSE**

At all relevant times, the acts and omissions taken by the District and its subordinate agencies, officials, employees and/or agents acting within the scope of their employment were reasonable, lawful, and necessary under circumstances, and in accord with all applicable regulatory, statutory, common law and constitutional requirements .

## **NINTH DEFENSE**

At all relevant times, Defendants' interpretation of all applicable regulatory, statutory, common law, and constitutional requirements were rational, reasonable, not arbitrary or capricious, and were otherwise in compliance with the law.

## **JURY DEMAND**

Defendant demands trial by a jury of the maximum number of jurors allowable on all issue so triable.

Dated: July 6, 2011                                    Respectfully submitted,

                                                       /s/ Thomas L. Koger
                                                       THOMAS L. KOGER, VSB No. 40086
                                                       Office of the Attorney General for the
                                                       District of Columbia
                                                       Assistant Attorney General
                                                       Equity I Section
                                                       441 Fourth Street, N.W., 6th Floor South
                                                       Washington, D.C. 20001
                                                       Telephone: (202) 724-4170
                                                       Facsimile: (202) 715-7762
                                                       Thomas.Koger@dc.gov

                                                       *Counsel for Defendant the District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/
Lauren A. Wetzler
Stephen J. Obermeier
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Email: lauren.wetzler@usdoj.gov

COUNSEL FOR THE ATTORNEY GENERAL


Catherine Crooks Hill
George W. Chabalewski
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Email:  cchill@oag.state.va.us

COUNSEL FOR W. STEVEN FLAHERTY


Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Ste. 405
Alexandria, VA 22314
Email:  alan@gurapossessky.com

COUNSEL FOR PLAINTIFFS

                                    /s/ Thomas L. Koger
                                    THOMAS L. KOGER, VSB No. 40086
                                    Office of the Attorney General for the
                                    District of Columbia
                                    Assistant Attorney General
                                    Equity I Section
                                    441 Fourth Street, N.W., 6th Floor South
                                    Washington, D.C. 20001
                                    Tel.: (202) 724-4170; Fax: (202) 715-7762
                                    Thomas.Koger@dc.gov

                                    *Counsel for Defendant the District of Columbia*