**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

_____

| | |
|---|---|
| **MICHELLE LANE, MATTHEW WELLING,** : | |
| **AMANDA WELLING, and** : | |
| **SECOND AMENDMENT FOUNDATION, INC.,** : | Case No. 11-CV-503 GBL/TRJ |
| : | |
| **Plaintiffs,** : | **MEMORANDUM OF POINTS** |
| : | **AND AUTHORITIES** |
| **v.** : | |
| : | |
| **ERIC HOLDER, Attorney General of the** : | |
| **United States, W. STEVEN FLAHERTY,** : | |
| **Superintendent, Virginia State Police; and** : | |
| **THE DISTRICT OF COLUMBIA,** : | |
| : | |
| **Defendants.** : | |

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT**
**THE DISTRICT OF COLUMBIA'S MOTION TO SEVER PLAINTIFFS' FIFTH CLAIM**
**AND TO TRANSFER LITIGATION OF PLAINTIFFS' FIFTH CLAIM TO UNITED**
<u>**STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**</u>

Respectfully submitted,

<u>/s/ Thomas L. Koger</u>
THOMAS L. KOGER, VSB No. 40086
Office of the Attorney General for the
District of Columbia
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-4170
Facsimile: (202) 715-7762
<u>Thomas.Koger@dc.gov</u>

*Counsel for Defendant the District of Columbia*

## <u>TABLE OF CONTENTS</u>

**Preliminary Statement** ………………………………………………………………2

**Procedural Background**……………………………………………………………....3

**Pertinent Underlying Allegations**………………………………………………………6

**ARGUMENT**

I.   **Non-Resident Plaintiffs' Selection Of This District As The Venue For Their Challenge To Local Laws Promulgated And Enforced By And Within The Borders Of The District Of Columbia Is Contrary To The Interests Of Justice And Entitled To No Deference.  In The Interests Of Justice, This Court Should Exercise Its Virtually Unfettered Discretion To Sever The Fifth Claim And Then Transfer It To The United States District Court For the District Of Columbia**………………………………………………………………..8

   A.  **Application Of Rule 21 Severance To Accomplish Transfer To Further An Important Judicially- Recognized Interest** …………………………………………………..9

   B.  **Determining Whether The Interest In Having Local Controversies Decided At Home Warrants Transfer**…………………………12

II.  **Transfer Of  Plaintiffs' Fifth Claim Is Proper Here Because All Parties To This Claim Are Non-residents Of This District And The Factors To Be Considered By The Court In Determining Whether To Transfer Venue Clearly Favor Transfer Of The Fifth Claim** ………13

   A.  **Upon Severance, Venue For The Fifth Claim Is Proper in D.D.C.** ……………15

      1.   **§1391(b)(1) Is Satisfied By The D.D.C.**………………………16

      2.   **§1391(b)(2) Is Satisfied By The D.D.C., Not This District.** ………….16

      3.   **§1391(b)(3) Cannot Provide For Venue In This District**………….....18

   B.  **The Factors For Consideration Under § 1404(a) Clearly Warrant Transfer Of the Fifth Claim** ………………………………………18

      1.   **Plaintiffs' Venue Choice Is Entitled To No Deference**……………......18

      2.   **The Interest Of Justice Warrants Transfer** …………………………19

**3.** **Access And Convenience** …………………………………………………21

**CONCLUSION**………………………………………………………………………..22

### TABLE OF AUTHORITIES

**Cases**

*17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F.Supp.2d 584 n.9 (E.D.Va. 2005)…...................................................................................................................................9

*Aceveda-Garcia v. Monroig*, 352 F.3d 547 (1st Cir. 2003)…....................…………………8

*Acterna LLC v. Adtech, Inc.*, 129 F.Supp.2d 936 (E.D.Va. 2001).............................................19

*Anrig v. Ringsby United*, 603 F.2d 1319 (9th Cir. 1978)…….....………………………….....8

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.,* 142 F.3d 188, 190 (4th Cir. 1998)…….....15

*Beam Laser Sys., Inc. v. Cox Commc'ns, Inc* ., 117 F.Supp.2d 515, 518 (E.D.Va.2000)……….14

*Bond Safeguard Ins. v. Ward*, 2009 WL 1370935 (N.D.Ga.)…………………………………....17

*Carpenter v. Parker Drilling Offshore USA, Inc.*, 2005 WL 1432373 (E.D.La.2005)……..…….20

*Carbon Fuel Co. v. USX Corp.*, 867 F. Supp. 414 (S.D.W.Va.1994)…………………………....8

*Coors Brewing Co. v. Oak Beverage Co., Inc.*, 549 F. Supp 2d 764 (E.D.Va. 2008)…………………………………………………….…………..11, 12, 18, 19, 23

*Dacar v. Saybolt*, 2011 WL 223877 (E.D.N.C.)…………………………………..………………21

*Environmental Defense Fund v. Corps of Engineers of U.S. Army*, 325 F. Supp. 728 (E.D.Ark.1971)…………………………………………………………………………………..17

*Fru-Con Construction Corp. v. County of Arlington*, 2006 WL 273583 (E.D.Va.)………….......15

*Gebr. Brasseler GmbH & Co. KG  v. Abrasive Technology, Inc*., 2009 WL 874513 at (E.D.Va.)……………………………………………………………………………11, 12, 19

*Grigsby v. Kane*, 250 F.Supp.2d 453, 456 (M.D.Pa.2003)…………….…………………………8

*Heller v. District of Columbia*, 689 F. Supp.2d 179, 190 (D.D.C. 2010) ("*Heller II*")………....12

*International Patent Development Corp., v. Wyomont Partners*, 489 F. Supp, 226 (D.Nev. 1980)…………………………………………………………………………………………..14

*Leroy v. Great Western United Corp*., 443 U.S. 173, (1979)……………………………….....13

*Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div*., 204 F.Supp. 139 (W.D.S.C.)………11

*Lycos, Inc. v. TiVo, Inc*., 499 F. Supp.2d 685 (E.D.Va. 2007)………………………………11, 12

*Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024 (E.D.Va.)..……………19, 22

*Parker v. District of* Columbia, 311 F.Supp.2d 103 (D.D.C. 2004), *rev'd and remanded by,*
*Parker v. District of Columbia,* 478 F.3d 370, 399 (D.C.Cir.2007), *aff'd sub nom, District of*
*Columbia v. Heller, 554* U.S.570 (2008)) ……..…………………………………………….21

*S. Ry. Co. v. Madden*, 235 F.2d 198 (4th Cir.1956)…………………………………………14

*Safeway, Inc. v. CESC Plaza Limited Partnership*, 261 F. Supp.2d 439 (E.D.Va. 2003)……...17

*Stewart Org., Inc. v. Ricoh, Inc.*, 487 U.S. 22 (1988)………..…………………………………14

*Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.)………………………...……………….9

**Statutes**

D.C. Code § 7-2502.06(a)………………………………………………………………......5

28 U.S.C. § 1391………………………………………………………………15, 16, 17, 18

28 U.S.C. § 1404……………………………………………………………………...13, 14, 18

28 U.S.C. § 1406…………………………………………………………………………………1

18 U.S.C. § 922(b)(3)………………………………………………………………………3, 4

Va. Code § 1.2-308.2:2…………………………………………………….....................3

**Rules**

Fed. R. Civ. P. 21…………………………………………………………………………...8

**Regulations**

27 CFR § 478.99…………………………………………………………………….3, 4

D.C.M.R. 24-2320.3……………………………………………………………………16

D.C.M.R. 24-2399……………………………………………………………...............5

**Treatises**

Federal Practice and Procedure § 2387 (1971)…………………………………...............8

Federal Practice and Procedure § 3826 (2d ed. 2005)………………………………….....15

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

———————————————————————
                                                            :
**MICHELLE LANE, MATTHEW WELLING,**                         :
**AMANDA WELLING, and**                                     :
**SECOND AMENDMENT FOUNDATION,  INC.,**                     :   Case No. 11-CV-503 GBL/TRJ
                                                            :
       **Plaintiffs,**                                      :
                                                            :
       **v.**                                               :
                                                            :
**ERIC HOLDER, Attorney General of the**                    :
**United States, W. STEVEN FLAHERTY,**                      :
**Superintendent, Virginia State Police; and**              :
**THE DISTRICT OF COLUMBIA,**                               :
                                                            :
       **Defendants.**                                      :
                                                            :
———————————————————————

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
THE DISTRICT OF COLUMBIA'S MOTION TO SEVER PLAINTIFFS' FIFTH CLAIM
AND TO TRANSFER LITIGATION OF PLAINTIFFS' FIFTH CLAIM TO UNITED
STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

       Defendant, the District of Columbia ("District"), by and through undersigned counsel,

respectfully moves this Court for an Order, pursuant to Fed. R. Civ. P. 21 severing Plaintiffs'

sole claim against the District, which presents a constitutional challenge only to District

municipal regulations.  The District further moves this Court to transfer that severed Fifth Claim,

pursuant to 28 U.S.C. § 1406, to the United States District Court for the District of Columbia

("D.D.C.").  As explained below, this relief is within the Court's sound discretion and would

serve the judicially-recognized, strong interest courts have in having local controversies decided

at home.

**Preliminary Statement**

Plaintiffs Michelle Lane and the Second Amendment Foundation ("SAF") commenced this litigation by challenging federal and Virginia firearm regulatory laws.  Plaintiff have since filed their Amended Complaint, by which they now challenge three distinct sets of handgun regulatory measures of three governments.  By amending their Complaint, Plaintiffs have added (1) the District as a Defendant, (2) two District of Columbia resident Plaintiffs, and (3) their Fifth Claim, which is asserted only against the District and which challenges District municipal regulations concerning the transfer of handguns into the District and their registration therein. The Eastern District of Virginia is not the home venue of any of the Plaintiffs.

This Court enjoys virtually unfettered discretion to sever claims, including for the purpose of transferring them to other U.S. District Courts in order that local controversies may be decided by local courts that are already familiar with the particular subject matter at issue and which will have to apply the law resulting from the decisions.

Such severance and transfer is wholly appropriate in these circumstances.  The events or omissions implicated by Plaintiffs' Fifth Claim, the promulgation and enforcement of municipal regulations, are activities that have occurred and are occurring within the District's borders.  The Fifth Claim implicates only local law and governs the rights and actions of District residents and local law enforcement officials.  The locality in which the challenged regulations apply is the seat of the Government of the United States; this implicates security concerns different in kind and degree from those present in other venues.  The U.S. District Court and U.S. Court of Appeals for the District of Columbia have decided cases challenging the District's firearms regulations and defining the scope of Second Amendment rights.  The main objective of Plaintiffs' Fifth Claim is to enjoin the enforcement of District firearms regulations - not merely

to recover damages.  Therefore, this motion should be granted and the Fifth Claim should be severed and transferred to the D.D.C.

**Procedural Background**

Plaintiffs Michele Lane and the Second Amendment Foundation ("SAF") commenced this litigation on May 27, 2011, by filing their original Complaint (Doc. 1, PageID ##  ("PI##") 1-8, ¶¶1, 2).  That Complaint named two Defendants, Attorney General Holder and Superintendent Flaherty (Complaint ¶¶ 3, 4,)  That Complaint set forth the following four "Claims" or asserted causes of action:

- First Claim For Relief: whether by maintaining and enforcing 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99, Attorney General Holder has violated Plaintiffs' Second Amendment right to keep and bear arms;

- Second Claim For Relief: whether by maintaining and enforcing 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99, Attorney General Holder has violated Plaintiffs' Fifth Amendment right to equal protection of law (ACmplt ¶28);

- Third Claim For Relief: whether by maintaining and enforcing Va. Code § 1.2-308.2:2, Superintendent Flaherty has violated Plaintiffs' Second and Fourteenth Amendment right to keep and bear arms; and

- Fourth Claim For Relief: whether by maintaining and enforcing Va. Code § 1.2-308.2:2, Superintendent Flaherty has violated Plaintiffs' Fourteenth Amendment rights to equal protection of the law (ACmplt ¶33).

Moreover, and significantly, the Complaint alleged:

12.    Owing to the operation of 18 U.S.C. § 922(b)(3), 27 CFR § 478.99, and Va. Code §18.2-308.2:2, Ms. Lane cannot take possession of her handguns from the Lorton, Virginia firearms dealer from whom she ordered the handguns. In order to (sic) for Lane to take possession of her handguns, the Virginia dealer must first transfer them to a federal firearms licensee in the District of Columbia, who could, in turn, transfer the handguns to Ms. Lane,

(Complaint ¶12);

14.    Mr. Sykes [the only in-District federal firearms licensee effectuating lawful handgun transfers to District residents] has recently lost his lease in the District of Columbia and accordingly, as of this writing, is barred

from effecting handgun transfers for District of Columbia residents.  As a result, by operation of 18 U.S.C. § 922(b)(3) and  27 CFR § 478.99 District residents are unable to acquire handguns.

(Complaint ¶14); and

> 18.     Title 18 U.S.C. § 922(b)(3), 27 CFR § 478.99 and Va. Code § 18.2-308.2:2, as applied to Ms. Lane and to similarly situated individuals are presently causing said individuals injury in that these provisions prevent presently intended firearms purchases from being completed.  These provisions not only have the effect of barring District of Columbia residents from acquiring handguns, but also, generally, unjustifiably frustrate and make more expensive all Americans' attempts to obtain the handguns of their choice.

(Complaint ¶18).

Plaintiffs alleged in the Complaint initially filed in this Court that "[v]enue lies in this Court pursuant to 28 U.S.C. § 1391, as this is *the* District and Division in which a substantial part of the events or omissions giving rise to the claim occurred and are occurring and in which the property which is the subject of action is situated" (Complaint ¶ 6) (emphasis added).

Thus, the case framed by these four original Claims challenges federal and Virginia firearms regulatory measures.  These claims can be completely and efficiently resolved without the Fifth Claim.

On May 27, 2011, the Amended Complaint ("ACmplt") was filed (Doc. 8, PI## 22-32). With this amendment of the Complaint, Plaintiffs Lane and SAF added two new Plaintiffs, District of Columbia residents Amanda and Matthew Welling, and Defendant, the District of Columbia (ACmplt ¶¶ 1, 5).  Further, in amending the Complaint, Plaintiffs added their sole claim implicating the District:

- Fifth Claim For Relief: whether by maintaining and enforcing D.C.M.R. 24-2320.3(b), (f), the District of Columbia has violated Plaintiffs' Second Amendment right to keep and bear arms.

(ACmplt ¶ 35).

Plaintiffs' Fifth Claim sounds only against the District.  In it Plaintiffs assert that by maintaining and enforcing 24 D.C.M.R. §§ 2320.3(b) and (f), the District propogated customs, policies, and practices that violate Plaintiffs' Second Amendment rights (ACmplt ¶ 35). Ostensibly, to support this new, free-standing challenge to local District of Columbia law, Plaintiffs added four new paragraphs in the Amended Complaint to what had been the original Complaint, ¶¶ 11, 14, 15, and 16.

Paragraph 11 states:

Several homes on the Capitol Hill block where Matthew and Amanda Welling live with their infant son have been burglarized in recent years.  The Wellings have experienced theft from their patio and car.  The Wellings would like to accept the offer of Amanda Welling's father, David Slack of Texas, to gift them a handgun for their use in home self-defense.  The handgun, a Glock 19, is legal for the Wellings to possess in Washington, D.C. Slack would transfer the handgun through a federal licensee in Virginia near the couple's home.  In case of emergency, Matthew Welling could use the handgun as well.

Paragraph 14 states:

District of Columbia law requires that all firearms be registered.  To that effect, "[a]n application for a registration certificate shall be filed (and a registration certificate issued) prior to taking possession of a firearm from a licensed dealer or [other registrant]," and "[i]n all other cases, an application for registration shall be filed immediately after a firearm is brought into the District" wthn 48 hours of providing notice to the police department.  D.C. Code § 7-2502.06(a).

Paragraph 15 states:

However, the District's Municipal Regulations impose additional restrictions on the acquisition of handguns.  Among these, a handgun registration applicant must "[present the Firearms Registration application to a licensed firearm dealer, whose assistance is necessary to complete the application."  D.C.M.R. 24-2320.3(b).  A "licensed firearm dealer" for purposes of this provision is a dealer licensed by the District of Columbia.  D.C.M.R. 24-2399.

Paragraph 16 states:

Having obtained the signature of an in-District dealer on the application form, the prospective handgun purchaser must take the form back to the District's police station for further processing.  Once the handgun consumer obtains the required

police seal on the handgun registration application, the consumer must"[p]resent the sealed Firearm Registration application to the licensed firearm dealer and take delivery of the applicant's pistol pending completion of a ballistic identification procedure, *or, in the case of a purchase from a firearms dealer located in another jurisdiction, have that firearms dealer transport the applicant's pistol to a licensed firearms dealer in the District, where the applicant will take delivery of the pistol* pending completion of a ballistic identification procedure."  D.C.M.R. 24-2320(f) (emphasis added [in original]).

Plaintiffs continue to allege in the Amended Complaint that, "[v]enue lies in this Court pursuant to 28 U.S.C. § 1391, as this is *the* District and Division in which a substantial part of the events or omissions giving rise to the claim occurred and are occurring and in which the property which is the subject of action is situated"  - as if only one district were implicated by the standard set forth in 28 U.S.C. § 1391(b)(2) upon their allegations (ACmplt ¶ 7). (Emphasis added).  However, this is plainly mistaken regarding the Fifth Claim, which is predicated on events or omissions having occurred and occurring in the District and affecting the rights and responsibilities of District residents and government officials.  Were this Court to sever the Fifth Claim, the two resultant cases could proceed independently of one another, as they should, to provide the parties to each action the resolution to which they are entitled.

**Pertinent Underlying Allegations**

Three of the plaintiffs are residents of the District of Columbia: Michelle Lane, Amanda Wellings, and Matthew Wellings (ACmplt ¶ 1).  Ms. Lane alleges that she has ordered two handguns that she seeks to have transferred into the District for her possession and registration from a licensed Virginia gun dealer (ACmplt ¶¶ 20, 10, 14).   The Wellings aver that Ms. Wellings' father, a Texas resident,  has offered to provide her a handgun, which he seeks to transfer to her for her possession and possible use by her and her husband, Matthew Wellings, in the District, through a Virginia gun dealer (ACmplt ¶¶ 10, 11, 14).

As alleged in the Amended Complaint, in order for Lane or Ms. Welling to register a handgun within the District, the gun must be registered (ACmplt ¶14 (quoting and citing D.C. Official Code § 7-2502.06)).  The District's registration process requires that persons, such as Lane and Ms. Wellings, who seek to register a gun, present the registration application to an "in-District" firearms dealer licensed by the defendant District (ACmplt ¶ 15).  Moreover, to transfer a handgun into the District, as Lake and Ms. Wellings seek to do, an individual must have the handgun transported to an in-District licensed firearms dealer  where the applicant will take possession of the gun pending completion of "a ballistic identification procedure" required by District law (ACmplt ¶ 16 (quoting D.C.M.R. § 24-2320.3(f))).  As further alleged, "[u]ntil recently, only one federal firearms licensee [("FFL")], Charles Sykes, was in the business of effectuating lawful handgun transfers to District of Columbia residents" (ACmplt ¶ 18).  Mr. Sykes recently lost the lease to the premises within the District at which he provided services required by District law for the transfer of handguns into and registration of such guns in the District (ACmplt ¶¶ 18-19).  As a result, plaintiffs aver that Lane and Ms. Wellings are unable to transfer and register the guns described in the Amended Complaint (*see* ACmplt ¶ 19).

Plaintiffs' Fifth Claim sounds only against the District.  In it Plaintiffs assert that by maintaining and enforcing 24 D.C.M.R. §§ 2320.3(b) and (f), the District propagates customs, policies, and practices that violate Plaintiffs' Second Amendment rights (ACmplt ¶ 35).  That the events and omissions of Plaintiffs' Fifth Claim are limited to the confines of the District is reflected by the amendments made to the original Complaint to support the Fifth Claim.  Moreover, Plaintiffs seek the extraordinary relief of a preliminary injunction and the ultimate relief of a permanent injunction of the enforcement of the challenged District regulations.

Upon this record, as explained below, this Court should sever the Fifth Claims and transfer it to the D.D.C.

## ARGUMENT

I.  **Non-Resident Plaintiffs' Selection Of This District As The Venue For Their Challenge To Local Laws Promulgated And Enforced By And Within The Borders Of The District Of Columbia Is Contrary To The Interests Of Justice And Entitled To No Deference.  In The Interests Of Justice, This Court Should Exercise Its Virtually Unfettered Discretion To Sever The Fifth Claim And Then Transfer It To The United States District Court For the District Of Columbia**

As discussed below, Fed. R. Civ. P. 21 permits federal courts to sever any claim against a party and proceed with it separately, and, under that rule, "a court has virtually unfettered discretion in determining whether or not severance is appropriate." *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F.Supp.2d 584, 598 n.9 (E.D.Va. 2005) (citing *Grigsby v. Kane,* 250 F.Supp.2d 453, 456 (M.D.Pa.2003); *Carbon Fuel Co. v. USX Corp.,* 867 F. Supp. 414, 419 (S.D.W.Va.1994)); *see also International Patent Development Corp., v. Wyomont Partners*, 489 F. Supp. 226, 230 (D.Nev. 1980) citing *Anrig v. Ringsby United*, 603 F.2d 1319, 1324 (9th Cir. 1978); *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968)) ("In the context of suits involving multiple defendants it has been held necessary on occasion to sever and transfer some but not all of the claims against the various defendants to a more convenient forum.").

"Rule 21 of the Federal Rules of Civil Procedure furnishes the mechanism for separating a case into separate actions*, i.e.*, severance: 'Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.'" *Acevedo-Garcia v. Monroig,* 351 F.3d 547, 558-59 (1st Cir. 2003) (quoting Fed.R.Civ.P. 21 and citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2387 (1971); 88

C.J.S. *Trial* § 17 (2003) ("A severance occurs when a lawsuit is divided into two or more

separate and independent or distinct causes.")).  As demonstrated below, this lawsuit should be

divided into two independent causes of action.

### A.  Application Of Rule 21 Severance To Accomplish Transfer To Further An Important Judicially-Recognized Interest

Decisional law reflects that the records and grounds upon which the District seeks to have

the Fifth Claim severed justify the Court's exercise of discretion to grant this relief.  For

example, in *17th Street*, the Court, sitting in diversity, addressed a petition by six defendants

seeking removal of the case to this District Court from the Virginia Beach Circuit Court on bases

of diversity and alienage jurisdiction. Plaintiff, a partnership organized under the laws of

Virginia, had suffered fire damage to its property.  It sought recovery on its insurance agreement

with defendant Markel International Limited ("Markel"), an insurer organized under the laws of

the United Kingdom ("UK") with its principal place of business in London, England.  The

insurance was allegedly to be provided by defendants Certain Underwriters at Lloyd's London

("Certain UW"), also organized under the laws of the UK and with its principal place of business

in London.  When its insurance claim remained unpaid, plaintiff sued Markel, Certain UW, a

New Jersey claims adjustment firm ("Raphael") to which Markel had assigned the claim, a

manager within that firm, who was a New Jersey resident; a Virginia claims adjustment firm

("Associated") engaged by Raphael to handle the claim, and one of Associated's employees, a

Virginia resident*.  Id*. at 589-90.

Defendants petitioned for removal of the case asserting that the case involved only two

real parties in interest, the Plaintiff and Markel, and that the remaining defendants had been

fraudulently joined to defeat diversity jurisdiction.  *Id.*, 373 F. Supp.2d at 590-91.  The Court

emphasized that "[t]his case implicates a peculiarly federal interest in alienage jurisdiction . . . ."

*Id.* at 595.   Accordingly, because the Court enjoyed "virtually unfettered discretion in determining whether or not severance is appropriate," the Court severed the claims against all the other defendants under Rule 21 "to safeguard the peculiarly federal interest implicated by Markel's alien status", *id*., at 605.

In *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968), cert denied, 89 S.Ct. 444 (1968), the Southern District of New York trial court decided motions for severance and transfer in the context of two class actions involving claims against eight defendants for alleged security law violations.  *Id.*, 398 F.2d at 615.   Three defendants were individuals residing in Texas, one was a business with its principal office in Texas, one a business with its principal office in Illinois, and the remaining three defendants were businesses established and operating in New York or with principal offices  there, Goodkind, Neufeld & Co. ("Goodkind"), Chase Manhattan Bank ("Chase"), and the American Stock Exchange ("ASE").  *Id.*, 398 F.2d at 616.   The five non-New York defendants moved to transfer venue to Texas.   The three New York-based defendants and plaintiffs opposed the motion. *Id.*   Goodkind, Chase, and ASE each also moved for severance of the claims against it.   *Id.*   The district court severed the claims against Chase and ASE and denied the transfer as to them.   *Id.*   The court also denied Goodkind's severance motion and transferred the action against the six non-severed defendants to Texas.   *Id.*

In affirming the trials court's orders, the Court of Appeals observed that, "the severance of the claims against the Chase rested only on the determination that the action against the Chase could not have been brought in the district court in Houston, thus *presenting the question of whether a severance may be ordered solely for the purpose of facilitating transfer*."  *Id*. 398 F.2d at 618 (emphasis added).   The Court stated:

> We believe that where the administration of justice would be materially
> advanced by severance and transfer, a district court may properly sever the claims

against one or more defendants for the purpose of permitting the transfer of the action against the other defendants . . . .  There is ample authority for this procedure.

*Id.*, 398 F.2d 618-19 (citing *General Elec. Credit Corp. v. James Talcott, Inc.*, 271 F.Supp. 699

(S.D.N.Y.1966); *Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div.*, 204 F.Supp. 139

(W.D.S.C.), *appeal dismissed*, 308 F.2d 895 (4th Cir. 1962); 3A Moore, *Federal Practice* ¶

21.05 at 2911-12; 1 Barron & Holtzoff, *Federal Practice and Procedure* § 82.2 (1967 Supp.) at

284) (fn. omitted)).

The Court reasoned that, "[o]therwise, a plaintiff could preclude the court from

considering whether transfer would serve the interest of justice by including a defendant, not

subject to suit in the more convenient district, who was in some manner peripherally involved in

the alleged wrongdoing."  *Id.*, 398 F.2d at 619.

These cases reflect that this Court may properly exercise its virtually unfettered discretion

to sever claims to serve important judicial interests, including, and not the least of which, is the

strong interest local courts have "in having local controversies decided at home."  *See, e.g.,*

*Coors Brewing Co. v. Oak Beverage Co., Inc,*, 549 F. Supp 2d 764, 771, 773 (E.D.Va. 2008).  In

the context of deciding whether a case should be transferred, which is, ultimately, the District's

objective, courts are to consider whether the interest of justice warrants the transfer.  *See, e.g.,*

*Coors*, 549 F.Supp.2d 764, 771 (E.D.Va. 2008) (citing *GTE Wireless, Inc. v. Qualcomm, Inc.,* 71

F.Supp.2d 517, 519 (E.D.Va.1999));  *Lycos, Inc. v. TiVo, Inc.* 499 F. Supp.2d 685, 689 (E.D.Va.

2007) (citing *JTH Tax, Inc. v. Lee,* 482 F.Supp.2d 731, 735 (E.D.Va.2007) (in turn quoting *Koh*

*v. Microtek Int'l, Inc.,* 250 F.Supp.2d 627, 630 (E.D.Va.2003)).  The interests of courts in having

local disputes decided locally is an interest of justice to be considered in deciding a motion to

transfer venue.  *Gebr. Brasseler GmbH & Co. KG  v. Abrasive Technology, Inc.*, 2009 WL

874513 at *5 (E.D.Va.) (citing *Lycos,* 499 F. Supp.2d at  695).

### B.   Determining Whether The Interest In Having Local Controversies Decided At Home Warrants Transfer

"Local courts have a strong interest in having local controversies decided at home."

*Coors*, 549 F. Supp.2d at 774 (citing *BHP Int'l Inv., Inc. v. Online Exchange, Inc.,* 105 F.Supp.2d

493, 499 (E.D.Va. 2000) (granting defendants' motion to transfer case to Southern District of

New York as parties' forum selection clause was unenforceable and because "Notwithstanding

the unenforceability of the Forum Selection Clause, the Court grants Defendants' Motion to

Transfer Venue because Plaintiff's choice of forum is not its home forum and therefore, is

entitled to little weight, the Eastern District of Virginia has no connection to this case while New

York has a substantial connection . . . ."); *see also Gebr. Brasseler*, 2009 WL 874513 * 5

(citations omitted)).

The Fifth Claim here calls upon the Court to determine the constitutionality of the

District's municipal regulations concerning the regulation of handguns.  The District's firearms

registration requirements further important governmental interests.  *See Heller v. District of*

*Columbia,* 689 F. Supp.2d 179, 190 (D.D.C. 2010) ("*Heller II*").[1]  These regulations implicate

only the rights of District residents, as they apply only to the transfer to and registration of

handguns by District residents.  This clearly is a District of Columbia local controversy.  Thus,

the importance of having this local controversy decided by the local federal court, in the interest

of justice, is extremely high.

---

[1]      The *Heller II* Plaintiffs have appealed the District Court decision. *Heller v. District of Columbia*, No. 10-7036 (D.C. Cir.). The matter has been fully briefed and argued, and the parties await a decision by the Circuit.

While the interest of local courts in deciding local controversies is generally a legitimately strong interest, it is uniquely so for the federal courts of the District concerning the controversy set forth in the Fifth Claim.  Washington, D.C. is the home of the White House, the official residence of the First Family; the United States Capitol, the workplace of the Congress of the United States; the Supreme Court of the United States of America, numerous foreign embassies, and many other sites and personages that present unique security concerns and inform handgun regulation decisions.  The *Heller* litigation, through which the Supreme Court ultimately expounded the rights of law-abiding citizens under the Second Amendment*,* was litigated through the U.S. District Court for the District of Columbia and the D.C. Circuit.  Its progeny, *Heller II,* has been decided by the same district court, and the resultant judgment is on appeal before the D.C. Circuit. These "local courts" have a very significant interest in controversies that will further clarify the scope and specifics of the Second Amendment rights of residents within this unique jurisdiction.  These courts ultimately will have to apply the decision resulting from the Fifth Claim.  On the issues presented by the Fifth Claim, "the strong interest in having local controversies decided at home" is more than sufficient to justify severance of the Fifth Claim in order that it may be transferred to the D.D.C.

**II.**    **Transfer Of  Plaintiffs' Fifth Claim Is Proper Here Because All Parties To This Claim Are Non-residents Of This District And The Factors To Be Considered By The Court In Determining Whether To Transfer Venue Clearly Favor Transfer Of The Fifth Claim**

"[T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.,* 443 U.S. 173, 183-84 (1979) (emphasis in original).  Transfer, pursuant to 28 U.S.C. § 1404(a), may be necessary and justified to accomplish this venue objective based on the plaintiff's choice of venue. *See International Patent Development*, 489 F. Supp, at 230.  Title 28

U.S.C. "[S]ection 1404(a) 'is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh, Inc.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964). *See also S. Ry. Co. v. Madden,* 235 F.2d 198, 201 (4th Cir.1956), *cert. denied,* 352 U.S. 953 (1956) (decision whether to transfer action to another district is committed to district court's sound discretion; reversing trial court judgment and remanding for transfer of case to different district for trial).

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "In deciding whether to grant a motion to transfer venue, this court must conduct the following two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Lycos, Inc.* 499 F. Supp.2d at 689 (citations omitted) (internal quotes omitted). The party moving for a transfer of venue bears the burden of showing that the transfer is warranted. *Beam Laser Sys., Inc. v. Cox Commc'ns, Inc .,* 117 F.Supp.2d 515, 518 (E.D.Va.2000) (citing *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000)).

As demonstrated in Point II.A. below, the Fifth Claim, as a civil action independent of Plaintiffs' other four Claims and without Defendants Holder and Flaherty, may properly have been brought in the D.D.C. In Point II. B, below, the District demonstrates that "[f]or the convenience of the parties and witnesses, in the interest of justice, transfer to the D.D.C. is warranted. On these bases, the Court should grant the relief requested without reaching the

merits of Plaintiffs' preliminary injunction motion as against the District.  *See Fru-Con Construction Corp. v. County of Arlington*, 2006 WL 273583 (E.D.Va.).

### A.  Upon Severance, Venue For The Fifth Claim Is Proper in D.D.C.

Whether venue is proper in a particular United States District Court is a threshold question the answer to which determines whether a claim may be heard in that court.  *See Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 190 (4th Cir. 1998), *cert denied*, 535 U.S. 876 (1998).  Accordingly, where properly raised as here, an objection to venue should be addressed before the Court decides a motion for interim injunctive relief.  *Cf. Fru-Con Const* ,2006 WL 273583 at *1, *4.

Once a defendant has raised an objection to venue, the plaintiff bears of the burden to establish that venue is proper in that district.  *Id.* (citing *United Coal Co. v. Land Use Co*., 575 F.Supp. 1148, 1158 (W.D.Va. 1983); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3826 (2d ed. 2005).

In a non-diversity case, such as this, venue is proper:

> only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to a claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

The Fifth Claim sounds solely against a non-resident municipality, the District of Columbia.  The Fifth Claim is based on events and omissions having occurred within the District of Columbia.  It asserts that Plaintiffs' Second Amendment rights have been violated in their home venue, by the promulgation and application or enforcement within their home venue of the law of their home venue.  Further, no dispute over property is implicated by the Fifth Claim.  For

these reasons, venue over the severed Fifth Claim is proper in and only in Plaintiffs' home

venue, the District of Columbia.

### 1.      §1391(b)(1) Is Satisfied By The D.D.C.

Once the Fifth Clam has been severed, the District is the only defendant in the severed

case.  The defendant District of Columbia government resides in the D.D.C., and venue is proper

there.

### 2.      §1391(b)(2) Is Satisfied By The D.D.C., Not This District.

Plaintiffs allege that venue is proper in this district pursuant to § 1391(b)(2).  ACmplt ¶ 7.

However, this assertion is mistaken regarding the severed the Fifth Claim.  Plaintiffs' Fifth

Claim allegedly arises from the following events or omissions: the promulgation of 24 D.C.M.R.

§ 2320.3(b) and (f) and the enforcement or anticipated enforcement of these regulations,

whereby Plaintiffs contend that the District propagated customs, policies, and practices that

violate Plaintiffs' Second Amendment rights (ACmplt ¶ 35).  The Fifth Claim also, allegedly,

turns, in part, on the fact that the sole in-District FFL, Charles Sykes, has lost the lease to his

business premises and, therefore, no longer provides services required for the transfer of

handguns into the District (ACmplt ¶¶ 17-19).  All of these events or omissions occurred within

the District, where Plaintiffs Lane and the Wellings reside and wish to exercise their Second

Amendment rights.  Thus, Plaintiffs cannot show that "a substantial part of the events or

omissions giving rise to [the severed Fifth Claim] occurred" in this district.  These facts satisfy

the District's burden to demonstrate that venue in the D.D.C. is proper under § 1391(b)(2).

Nor can Plaintiffs justify venue in this district on the basis that "a substantial portion of

the property that is the subject of the action is situated" here.  § 1391(b)(2).  This provision of §

1391(b)(2) applies to property dispute cases.  *See Environmental Defense Fund v. Corps of*

*Engineers of U.S. Army,* 325 F. Supp. 728, 733 (E.D.Ark.1971)) (cases that construe meaning of § 1391(a)(2) provision "property that is the subject of the action" interpret it "to apply only to suits involving property disputes or in rem actions . . . .") (internal quotes omitted) and compare *with Safeway, Inc. v. CESC Plaza Limited Partnership*, 261 F. Supp.2d 439, 442 (E.D.Va. 2003) ("There is venue here pursuant to § 1391(a)(2), because the real property that is the subject of this action is situated in this district" in case regarding whether supermarket tenant reasonably withheld consent, pursuant to lease term, to landlord's proposed changes to common area). *Compare Bond Safeguard Ins. v. Ward*, 2009 WL 1370935 (N.D.Ga.) (quoting *American High-Income Trust v. AlliedSignal Inc.,* 2002 WL 373473, at *3 (D.Del. Mar.7, 2002) (quoting *Falcoal, Inc. v. Turkiye Komur Islemeleri Kurumu,* 660 F.Supp. 1536, 1543 (S.D.Tex.1987)) and citing *Smith v. Johnston,* 1997 U.S. Dist. LEXIS 12451, at *8 (E.D.Mich. June 25, 1997) (interpreting Section 1391(b)(2) - which the court noted for purposes of subsection (2) is identical to Section 1391(a)(2)-and finding that subsection (2) applies only when the federal action "put[s] in issue the title to, or possession of, such lands, or any interest therein.")

What *is* in dispute in the Fifth Claim is the scope of rights conferred upon District of Columbia residents by the Second Amendment and their alleged infringement by District regulation.  Thus, Plaintiffs cannot support their choice of venue based on an assertion that certain handguns are in Virginia.  Given severance of the Fifth Claim from Plaintiffs' other four Claims, venue is clearly proper in the D.D.C. under §1391(b)(2).  Moreover, severance of the Fifth Claim renders venue over that Claim in this district improper under §1391(b)(2).

### 3.  §1391(b)(3) Cannot Provide For Venue In This District

With the severance of the Fifth Claim, § 1391(b)(3), which Plaintiffs have not even invoked, cannot apply to support a claim of venue in this district.  This is because venue is clearly proper in the D.D.C.

Thus, the District has met its burden on the first of the Court's two 28 U.S.C. § 1404(a) inquiries.  The D.D.C. is plainly a venue in which the severed Fifth Claim might have been brought.

### B.  The Factors For Consideration Under § 1404(a) Clearly Warrant Transfer Of the Fifth Claim

"In deciding a Motion to Transfer, the Court considers the following factors: (1) Plaintiffs' choice of forum; (2) the ease of access to sources of proof; (3) the convenience of parties and witnesses; (4) the interest of having local controversies decided at home; (5) and the interest of justice." *Coors*, 549 F. Supp 2d at 771(citing *Intranexus, Inc. v. Siemens Med. Solutions Health Serv. Corp.,* 227 F.Supp 581, 583 (E.D.Va.2002)).

Before transfer is warranted, a defendant must demonstrate that a plaintiff's choice of forum is clearly outweighed by other factors. *Coors*, 549 F. Supp 2d at 772 (citing *Bd of Trustees v. Baylor Heating & Air Conditioning,* 702 F.Supp. 1253, 1260 (E.D.Va. 1988)).

### 1.  Plaintiffs' Venue Choice Is Entitled To No Deference

A plaintiff's choice of forum is normally entitled to substantial weight. *Lycos,* 499 F.Supp.2d at 692.  However, because the dispute that is the subject of the Fifth Claim is concerned with the transfer of handguns into the District of Columbia and the validity of District municipal law governing this activity,  "Plaintiff[s'] choice of forum in this case [should] carr[y] little significance, and [be] afforded little weight in the transfer analysis." *Coors*, at 772; *see also  Gebr. Brasseler*, 2009 WL 874513 at *2 (plaintiff's venue choice "is entitled to very little

weight" when venue chosen is not "plaintiff's home forum and cause of action bears only limited relation to selected venue) (citations omitted).

### 2.       The Interest Of Justice Warrants Transfer

"The 'interest of justice' category is designedly broad." *Baylor,* 702 F.Supp. at 1260. A district court considering a transfer motion is required to consider this factor, which is unrelated to witnesses and party convenience. *Acterna LLC v. Adtech, Inc.,* 129 F.Supp.2d 936, 939-940 (E.D.Va. 2001).   "The interest of justice encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024 at *8 (E.D.Va.) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30 (1988) and citing *Brock v. Entre Computers Centers, Inc.,* 933 F.2d 1253, 1258 (4th Cir.1991)).  The systemic integrity analysis aspect of a court's determination of whether transfer is warranted "must also necessarily take account of a party's attempt to game the federal courts through forum manipulation." *Mullins*, 2006 WL 1214024 at *8 (citing *The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.,* 249 F.Supp.2d 12, 15 (D.Mass.2002)).  Plaintiffs rely heavily in their memorandum of points and authorities in support of their motion for a preliminary injunction upon the premise that this Court will apply a strict scrutiny analysis in determining the constitutionality of the District's regulations.  In *Heller II,* 689 F. Supp.2d at 190, the United States District Court for the District of Columbia, Plaintiffs' home venue federal trial court, applied intermediate scrutiny in finding that the District's challenged firearms regulations pass muster under the Second Amendment.

Plaintiffs, presumably, are aware of the *Heller II* analysis and have chosen to challenge their local law in a foreign venue.  They argue that they should be granted relief in this district based on application of a strict scrutiny analysis to the District's firearm registration regulations.

19

*See* PI Mem at 14-15.  However, this is a standard expressly rejected by the United States

District Court for the District of Columbia in favor of intermediate scrutiny, in upholding the

District's gun registration statue in *Heller II*.  689 F. Supp.2d at 187-188; 188-93. Plaintiffs'

choice implicates forum manipulation and clearly raises issues of systemic integrity and fairness,

which favors severance of the Fifth Claim.

Additional factors considered in determining the interests of justice require a transfer of

venue include docket congestion[2], knowledge of applicable law, unfairness in burdening forum

citizens with jury duty, and interest in avoiding unnecessary conflicts of law. *Carpenter v.*

*Parker Drilling Offshore USA, Inc.,* 2005 WL 1432373, *1 (E.D.La.2005) (citing *Gulf Oil Corp.*

*v. Gilbert,* 330 U.S. 505, 509 (1947)).  These considerations slightly favor transfer to the D.D.C.

The D.D.C. and the D.C. Circuit have repeatedly decided constitutional challenges to the

District's firearms regulatory scheme, *see, e.g.*, *Parker v. District of Columbia*, 311 F.Supp.2d

103 (D.D.C. 2004), *rev'd and remanded by*, *Parker v. District of Columbia,* 478 F.3d 370, 399

(D.C.Cir.2007), *aff'd sub nom, District of Columbia v. Heller,* 554 U.S.570 (2008)); *Heller II*.

This implicates knowledge of applicable law and avoidance of inconsistent judgments regarding

the District's regulatory scheme.  To pursue litigation of the Fifth Claim before this Court raises

the possibility that *Heller II* and this case could result in a split between the Fourth Circuit and

the District of Columbia Circuit regarding the constitutionality of the handgun registration and

regulation program in the city of Washington.

---

[1]      "Docket conditions, while a consideration, cannot be the primary reason for retaining a
case in this district. This Court cannot stand as a willing repository for cases which have no real
nexus to this district. The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure
that this attraction does not dull the ability of the Court to continue to act in an expeditious
manner." *Mullins*, 2006 WL 1214024 (quoting *Cognitronics,,* 83 F.Supp.2d at 699.

Further, even where a jury trial is unlikely, as it appears may be true here, "'jury duty is a burden that ought not be imposed upon people of a community which has no relation to the litigation [.]'" *Dacar v. Saybolt*, 2011 WL 223877 at *7 (E.D.N.C.) (quoting *Galustian v. Peter,* 591 F.3d 724, 732, n. 7 (4th Cir. 2010) (quoting *Gilbert,* 330 U.S. at 508)).

Moreover, the District's presence as a defendant is not necessary to the disposition of Plaintiffs' Claims against Defendant Holder or Flaherty.  Each of Plaintiffs' five Claims is directed against only one Defendant.  *See* ACmplt ¶¶ 24-33.  Each Claim challenges the laws of only one Defendant.  *Id.*  Accordingly, the District's presence is not necessary for Plaintiffs to obtain what, if any, relief they may be entitled to against Defendant Holder or Flaherty.[3]

### 3.      Access And Convenience

At the outset, the District recognizes that this matter, generally, and the Fifth Claim, in particular, may well be susceptible of disposition as a matter of law without a trial, as all parties have informed the Court through their Joint Motion To Vacate Scheduling Order And Set Briefing Schedule On Preliminary Injunction Motion (Doc. 21) and Joint Discovery Plan (Doc. 22).  Further, the proximity between the Eastern District of Virginia and the District, plus the availability and utility of communication of documents in electronic format greatly reduce the impact of certain causes of inconvenience.  Accordingly, the factors of the ease of access to

---

[3]      Nor is the District necessary to the resolution of any issue of fact bearing upon any of Plaintiffs' Claims against any other Defendant or upon their defenses.  This is reflected by the parties Joint Motion To Vacate Scheduling Order And Set Briefing Schedule On Preliminary Injunction Motion (Doc. 21) and Joint Discovery Plan (Doc. 22).  In each of these filings all Plaintiffs and all Defendants state that "the First Amended Complaint presents pure questions of law that may be decided on motions to dismiss and/or summary judgment" (*Id.*).

Moreover, even if the parties were mistaken in their uniform assessment that discovery will not be necessary to resolve any of Plaintiffs' Claims, the District is subject to this Court's subpoena powers.  Therefore, the abilities of this Court and the parties to efficiently and expeditiously resolve the Claims will not be adversely affected by severing and transfer of the Fifth Claim.  Accordingly, because severing of the Fifth Claim will serve the interest of justice and will not unfairly prejudice any party, the District's motion to sever should be granted.

sources of proof and the convenience of parties and witnesses cannot, at most, weigh heavily for or against transfer in this case.

Nevertheless, the fact that Plaintiffs Lane, and the Wellings, the District (sole defendant on the Fifth Claim), as well as Mr. Sykes, the non-renewal of whose lease largely underlies Plaintiffs' inabilities to obtain handguns, all reside in the District makes the D.D.C. a marginally more convenient venue.

"Depending on the circumstances of the case, 'the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.'" *Mullins*, 2006 WL 1214024 at *5 (citing 15 Wright, Miller & Cooper, § 3854). In a case such as this, in which convenience factors either weigh in favor of transfer or weigh neutrally in the transfer analysis, transfer still should be granted because the interest of having local controversies decided at home and interest of justice weigh clearly in favor of transfer. *See Coors*, 549 F. Supp.2d at 771-72. Accordingly, the District's motion granted in its entirety.

## CONCLUSION

The Fifth Claim is severable from the other causes of action in this case, and the transfer analysis should treat the Fifth Claim as though it were severed. Venue for the Fifth Claim is proper in the District of Columbia. Plaintiffs' choice of this forum, as opposed to their home venue, is not entitled to deference. The key factors of the interest in having local controversies decided at home and of the interests of justice weigh heavily in favor of transfer causing the Court's overall transfer analysis clearly to favor transfer of venue to the District. Accordingly, the District's motion should be granted and venue over the Fifth Claim transferred to the United

States District Court for the District of Columbia.

Respectfully submitted,

/s/ Thomas L. Koger
THOMAS L. KOGER, VSB No. 40086
Office of the Attorney General for the
District of Columbia
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-4170
Facsimile: (202) 715-7762
Thomas.Koger@dc.gov

*Counsel for Defendant the District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

Lauren A. Wetzler
Stephen J. Obermeier
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Email: lauren.wetzler@usdoj.gov

COUNSEL FOR THE ATTORNEY GENERAL


Catherine Crooks Hill
George W. Chabalewski
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Email:  cchill@oag.state.va.us

COUNSEL FOR W. STEVEN FLAHERTY


Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Ste. 405
Alexandria, VA 22314
Email:  alan@gurapossessky.com

COUNSEL FOR PLAINTIFFS

/s/ Thomas L. Koger
THOMAS L. KOGER, VSB No. 40086
Office of the Attorney General for the District of Columbia
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001

Tel.: (202) 724-4170; Fax: (202) 715-7762
Thomas.Koger@dc.gov

*Counsel for Defendant the District of Columbia*