# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

**MICHELLE LANE, et al.,**

        **Plaintiffs,**

v.                                                                      Case No. 1:11-CV-503 – GBL/TRJ

**ERIC HOLDER, Attorney General of the United States, et al.,**

        **Defendants.**

## **DEFENDANT FLAHERTY'S ANSWER TO THE AMENDED COMPLAINT**

COMES NOW Defendant, W. STEVEN FLAHERTY, Superintendent of the Virginia State Police, by counsel, and for his Answer to the Amended Complaint, states as follows:

1. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 1 of the Amended Complaint and therefore denies same.

2. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 2 of the Amended Complaint and therefore denies same.

3. Defendant Flaherty admits that Defendant Eric Holder is the Attorney General of the United States. The remaining allegations set forth in Paragraph 3 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

4. Defendant Flaherty admits that he is the Superintendent of the Virginia State Police. The remaining allegations set forth in Paragraph 4 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

5. Defendant Flaherty admits the allegations set forth in Paragraph 5 of the Amended Complaint.

6. The allegations set forth in Paragraph 6 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

7. The allegations set forth in Paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

8. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 8 of the Amended Complaint and therefore denies same.

9. The allegations set forth in Paragraph 9 of the Amended Complaint are legal conclusions to which no response is required. To the extent Plaintiffs attempt to characterize the statutes referenced in Paragraph 9, Defendant Flaherty denies such characterizations, and further states that such statutes speak for themselves.

10. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 10 of the Amended Complaint and therefore denies same.

11. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 11 of the Amended Complaint and therefore denies same.

12. The allegations set forth in Paragraph 12 of the Amended Complaint are legal conclusions to which no response is required. To the extent Plaintiffs attempt to characterize the statute and regulation referenced in Paragraph 12, Defendant Flaherty denies such characterizations, and further states that such statute and regulation speak for themselves.

13. The allegations set forth in Paragraph 13 of the Amended Complaint are legal conclusions to which no response is required. To the extent Plaintiffs attempt to characterize the statute referenced in Paragraph 13, Defendant Flaherty denies such characterization, and further states that such statute speaks for itself.

14. The allegations set forth in Paragraph 14 of the Amended Complaint are legal conclusions to which no response is required. To the extent Plaintiffs attempt to characterize the statute referenced in Paragraph 14, Defendant Flaherty denies such characterization, and further states that such statute speaks for itself.

15. The allegations set forth in Paragraph 15 of the Amended Complaint are legal conclusions to which no response is required. To the extent Plaintiffs attempt to characterize the regulations referenced in Paragraph 15, Defendant Flaherty denies such characterizations, and further states that such regulations speak for themselves.

16. The allegations set forth in Paragraph 16 of the Amended Complaint are legal conclusions to which no response is required. To the extent Plaintiffs attempt to

characterize the regulation referenced in Paragraph 16, Defendant Flaherty denies such characterization, and further states that such regulation speaks for itself.

17. The allegations set forth in Paragraph 17 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

18. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 18 of the Amended Complaint and therefore denies same.

19. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 19 of the Amended Complaint and therefore denies same.

20. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in the first sentence of Paragraph 20 of the Amended Complaint and therefore denies same. The remaining allegations set forth in Paragraph 20 are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

21. Defendant Flaherty admits the allegations set forth in the last sentence of Paragraph 21 of the Amended Complaint. The remaining allegations set forth in Paragraph 21 are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

22. Defendant Flaherty is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 22 of the Amended Complaint and therefore denies same.

23. The allegations set forth in Paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

24. Defendant Flaherty's responses to the allegations of Paragraphs 1 through 23 of the Amended Complaint are incorporated by reference as if set forth fully herein.

25. The allegations set forth in Paragraph 25 of the Amended Complaint are legal conclusions to which no response is required, and are directed at a defendant other than Flaherty, so no response is required. To the extent any response is required, Defendant Flaherty denies same.

26. The allegations set forth in Paragraph 26 of the Amended Complaint are legal conclusions to which no response is required, and are directed at a defendant other than Flaherty, so no response is required. To the extent any response is required, Defendant Flaherty denies same.

27. Defendant Flaherty's responses to the allegations of Paragraphs 1 through 26 of the Amended Complaint are incorporated by reference as if set forth fully herein.

28. The allegations set forth in Paragraph 28 of the Amended Complaint are legal conclusions to which no response is required, and are directed at a defendant other than Flaherty, so no response is required. To the extent any response is required, Defendant Flaherty denies same.

29. Defendant Flaherty's responses to the allegations of Paragraphs 1 through 28 of the Amended Complaint are incorporated by reference as if set forth fully herein.

30. The allegations set forth in Paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

31. The allegations set forth in Paragraph 31 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

32. Defendant Flaherty's responses to the allegations of Paragraphs 1 through 31 of the Amended Complaint are incorporated by reference as if set forth fully herein.

33. The allegations set forth in Paragraph 33 of the Amended Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant Flaherty denies same.

34. Defendant Flaherty's responses to the allegations of Paragraphs 1 through 33 of the Amended Complaint are incorporated by reference as if set forth fully herein.

35. The allegations set forth in Paragraph 35 of the Amended Complaint are legal conclusions to which no response is required, and are directed at a defendant other than Flaherty, so no response is required. To the extent any response is required, Defendant Flaherty denies same.

36. Plaintiff's Prayer for Relief, consisting of seven paragraphs, requires no response. To the extent any response is required, Defendant Flaherty denies same.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiffs' Amended Complaint fails to state any claim for which relief may be granted.

2. Plaintiffs lack standing to pursue their claims against Defendant Flaherty.

3. Defendant Flaherty affirmatively avers that he did not deny the Plaintiffs any rights under any federal and/or state statute or regulation.

4. Defendant Flaherty denies that the Plaintiffs have suffered any cognizable injury or damages as a result of any acts or omissions on the part of Defendant Flaherty.

5. Defendant Flaherty denies that he is in any way liable to the Plaintiffs for any injury or damages that the Plaintiffs claim to have sustained.

6. Defendant Flaherty did not violate any clearly established rights of the Plaintiffs.

7. Defendant Flaherty denies that Plaintiffs are entitled to any relief demanded by their Amended Complaint.

8. Defendant Flaherty reserves the right to assert all applicable affirmative defenses to the extent that such defenses may be supported by further investigation, discovery, or evidence presented at the trial of this matter.

Wherefore, Defendant Flaherty, by counsel, respectfully requests that the Court dismiss Plaintiffs' Amended Complaint with prejudice, enter judgment in Defendant's favor, and grant Defendant any other relief that the Court deems just and appropriate.

W. STEVEN FLAHERTY
By: _____/s/_____
    Catherine Crooks Hill, Esq.
    Virginia Bar number 43505
    Office of the Attorney General
    900 East Main Street
    Richmond, Virginia 23219
    Phone: 804-786-8199
    Fax: 804-371-2087
    cchill@oag.state.va.us

KENNETH T. CUCCINELLI, II
Attorney General of Virginia

WESLEY G. RUSSELL, JR.
Deputy Attorney General

CATHERINE CROOKS HILL (VSB No. 43505)
GEORGE W. CHABALEWSKI (VSB No. 27040)
Senior Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-8199
Fax: (804) 371-2087
cchill@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following registered CM/ECF users:

>Alan Gura
>GURA & POSSESSKY PLLC
>101 N. Columbus Street, Suite 405
>Alexandria, VA 22314
>alan@gurapossessky.com
>
>Anna Elizabeth Cross
>Lauren A. Wetzler
>Stephen J. Obermeier
>U. S. Attorney Office
>2100 Jamieson Avenue
>Alexandria, VA 22314
>anna.cross@usdoj.gov
>lauren.wetzler@usdoj.gov
>stephen.obermeier@usdoj.gov

Thomas Louis Koger
Office of the Corporation Counsel, D.C.
441 Fourth St., NW, Rm 6S045
Washington, DC 20001
thomas.koger@dc.gov


                                        By: _____/s/_____
                                        Catherine Crooks Hill, Esq.
                                        Virginia Bar number 43505
                                        Office of the Attorney General
                                        900 East Main Street
                                        Richmond, Virginia 23219
                                        Phone: 804-786-8199
                                        Fax: 804-371-2087
                                        cchill@oag.state.va.us