IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MICHELLE LANE, et al., | ) | Case No. 1:11-CV-00503-GBL-TRJ |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN OPPOSITION TO |
| v. | ) | DEFENDANT DISTRICT OF COLUMBIA'S |
| | ) | MOTION TO SEVER AND TRANSFER |
| ERIC HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO SEVER AND TRANSFER

**COME NOW** the Plaintiffs, Michelle Lane, Matthew Welling, Amanda Welling, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Memorandum of Points and Authorities in Opposition to Defendant District of Columbia's Motion to Sever and Transfer the Fifth Claim.

Dated: July 13, 2011               Respectfully submitted,

                                          Alan Gura (Va. Bar No. 68842)
                                          GURA & POSSESSKY, PLLC
                                          101 N. Columbus Street, Suite 405
                                          Alexandria, VA 22314
                                          703.835.9085/Fax 703.997.7665

                                  By: /s/ Alan Gura
                                       Alan Gura

TABLE OF CONTENTS

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.  THE COURT CANNOT SEVER CLAIMS AGAINST
    INDISPENSABLE PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. THE DISTRICT OF COLUMBIA IS AN INDISPENSABLE PARTY. . . . . . . . . . . . . 7

III. THE COURT CANNOT TRANSFER A CASE TO A VENUE
     THAT LACKED ORIGINAL JURISDICTION OVER THE CASE. . . . . . . . . . . . . . . 7

IV. EVEN WERE THE DISTRICT OF COLUMBIA AN AVAILABLE
    VENUE, THE CASE CANNOT BE TRANSFERRED AS THIS IS THE
    JUDICIAL DISTRICT WHERE A SUBSTANTIAL PORTION OF THE
    ACTS AND OMISSIONS OCCUR. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    1.  *Plaintiffs' Choice of Venue*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    2.  *Convenience, Cost, and Ease of Access*. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    3.  *Local Controversies Decided At Home*. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    4.  *The Interests of Justice*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

V.  THE DISTRICT'S FORUM-SHOPPING DESIRES ARE AFFORDED
    NO WEIGHT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

TABLE OF AUTHORITIES

Cases

*Bates* v. *C & S Adjusters, Inc.*,
    980 F.2d 865 (2d Cir. 1992)................................................. 9

*Buckley* v. *Control Data Corp.*,
    923 F.2d 96 (8th Cir. 1991)................................................. 6

*Caperton* v. *Beatrice Pocahontas Coal Co.*,
    585 F.2d 683 (4th Cir. 1978)................................................ 7

*Clayton* v. *Warlick*,
    232 F.2d 699 (4th Cir. 1956)............................................... 13

*Coors Brewing Co.* v. *Oak Bev. Inc.*,
    549 F. Supp. 2d 764 (E.D. Va. 2008)................................... 9, 11

*Cottman Transmission Sys.* v. *Martino*,
    36 F.3d 291 (3d Cir. 1994)................................................. 9

*CP Solutions PTE, Ltd.* v. *GE*,
    553 F.3d 156 (2d Cir. 2009) (per curiam).............................. 6, 7

*Dearth* v. *Holder*,
    641 F.3d 499 (D.C. Cir. 2011)............................................. 4

*District of Columbia* v. *Heller*,
    554 U.S. 570 (2008)..................................................... 13

*Equal Rights Ctr.* v. *Equity Residential*,
    483 F. Supp. 2d 482 (D. Md. 2007)........................................ 1

*Ezell* v. *City of Chicago*, __ F.3d __,
    2011 U.S. App. LEXIS 14108 (7th Cir. July 6, 2011)..................... 10

*First of Michigan Corp.* v. *Bramlet*,
    141 F.3d 260 (6th Cir. 1998).............................................. 9

*Fritz* v. *American Home Shield Corp.*,
    751 F.2d 1152 (11th Cir. 1985)........................................... 6

*General Tire & Rubber Co.* v. *Watkins*,
    373 F.2d 361 (4th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*German* v. *Fed. Home Loan Mortgage Corp.*,
    896 F. Supp. 1385 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Goad* v. *Celotex Corp.*,
    831 F.2d 508 (4th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hoffman* v. *Blaski*,
    363 U.S. 335 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lenon* v. *St. Paul Mercury Ins. Co.*,
    136 F.3d 1365 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McDonald* v. *City of Chicago*,
    130 S. Ct. 3020 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mitrano* v. *Hawes*,
    377 F.3d 402 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Official Comm. of Unsecured Creditors* v. *Shapiro*,
    190 F.R.D. 352 (E.D. Pa. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Parker* v. *District of Columbia*,
    478 F.3d 370 (D.C. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Relf* v. *Gasch*,
    511 F.2d 804 (D.C. Cir .1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Republic of Philippines* v. *Pimentel*,
    553 U.S. 851 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sams* v. *Beech Aircraft Corp.*,
    625 F.2d 273 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schecher* v. *Purdue Pharma L.P.*,
    317 F. Supp. 2d 1253 (D. Kan. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Setco Enters., Corp.* v. *Robbins*,
    19 F.3d 1278 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Verizon Online Servs.* v. *Ralsky*,
    203 F. Supp. 2d 601 (E.D. Va. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wyndham Associates* v. *Bintliff*,
    398 F.2d 614 (2d Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


Statutes and Rules

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1391. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

28 U.S.C. § 1406. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

D.C.M.R.24-2320.3(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. Proc. 12(h)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. Proc. 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Fed. R. Civ. Proc. 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRELIMINARY STATEMENT

The District of Columbia's motion faces daunting hurdles even under the most favorable circumstances.

> Courts have recognized a presumption in favor of the nonmoving party that all claims in a case will be resolved in a single trial and not be severed, placing the burden on the party moving for severance to show that (1) it will be severely prejudiced without a separate trial; and (2) the issue to be severed is so "distinct and separable" from the others that a trial of that issue alone may proceed without injustice.

*Equal Rights Ctr.* v. *Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007). Nothing in the District's motion argues, let alone shows, that lack of severance would cause it "severe prejudice," and plainly, there are no "distinct and separable" issues demanding severance to avoid "injustice." Beyond these concerns,

> In determining whether severance is proper, courts consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*Id.* (citing *German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995)) (other citation omitted); *Official Comm. of Unsecured Creditors* v. *Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000).

To recite these factors is to see that severance and transfer should be unavailable on these facts, under three of these four factors. But it is the third factor—prejudice to the Plaintiffs—that is mandatorily dispositive: severance and transfer would create a failure of jurisdiction, terminating this case and any portion of it transferred elsewhere. The Court cannot sever indispensable parties, and it cannot transfer cases when doing so has the effect of destroying jurisdiction. The District's requested relief is simply not available under the Rules.

And this is to say nothing of the District's inability to meet modern venue transfer standards, even if the District of Columbia were an available venue. The District pounds the table asserting its preference for a different venue, ignoring (1) the fact that this case is about much more than what happens in Washington, D.C., and (2) the entire weight of the no-longer recent 1990 revisions to 28 U.S.C. § 1391, which re-enforce the Plaintiffs' choice of venue in any district home to a substantial portion of the dispute. Indicative of the District's confusion, although the District's motion, and page 1 of its brief, reference only 28 U.S.C. § 1406, relating to compulsory transfer, the District's *argument* is based only upon 28 U.S.C. § 1404, which relates to discretionary transfer. These are not the same thing.

Notably, the brief fails to argue for a Section 1406 transfer, namely, that venue as alleged by the Complaint is unavailable (hence, District's request for severance). Nor could that argument be made, for the obvious reason that venue here is available in a case concerning the sale of firearms within this judicial district.[1] Since the brief—making a Section 1404 argument—does not support the motion, asserting Section 1406—that could be reason enough to deny the motion as unsupported. But while that technical mismatch might be overlooked, the motion contains a far more severe flaw:

All three Defendants—the District of Columbia, Attorney General Holder, and Superintendent Flaherty—are indispensable parties. Plaintiffs cannot prevail unless they obtain relief against all three Defendants, and the absence of any one of these Defendants would destroy the Court's jurisdiction. All three Defendants enforce effectively identical laws that bar the

---

[1] Notably, the other Defendants have failed to preserve, and thus waived, any venue challenges. Fed. R. Civ. Proc. 12(h)(1).

interstate sales of handguns. And all three of them are directing their actions at and within Virginia. That includes the District of Columbia, whose relevant law provides that Plaintiffs, while shopping for handguns in Virginia, "have that firearms dealer transport the applicant's pistol to a licensed firearms dealer in the District . . . ." D.C.M.R.24-2320.3(f).[2]

Jurisdiction here is based upon a federal question. 28 U.S.C. § 1331. None of these Defendants are merely "in some manner peripherally involved in the alleged wrongdoing," Dist. Br., at 11 (*quoting Wyndham Associates* v. *Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968)), as though any of them are fraudulently joined to create diversity jurisdiction where none should exist. To the contrary: the District was added as a Defendant in the First Amended Complaint only when counsel realized that the District's Municipal Regulation would have to be enjoined in order to obtain complete relief.

Indeed, all three Defendants either tacitly or, as in the District of Columbia's case, ***explicitly acknowledged*** the jurisdiction-destroying impact of the District's requested relief. In opposing the Plaintiffs' motion for preliminary injunction, the District argued that "Plaintiffs fail the redressability element of standing . . . as against the District . . . even if the Court were to strike down 24 DCMR § 2320 in its entirety," for reasons "not the least of which is federal law" prohibiting interstate handgun sales. Dist. Br. Opp. Prelim. Inj., at 6 n.5.

It is astonishing that the District somehow missed the fact that the federal law it references is also being challenged by this case. But the District's greater point is the problem here: in the absence of complete relief, there is no standing, and complete relief may not be

---

[2]The "having" and "transportation" occurs in *this* judicial district, and must be addressed in a courthouse located within (1) two miles of the District's Potomac River territory and (2) a fifteen-minute metro ride from opposing counsel's offices.

3

available in piecemeal litigation. Frankly, with the District of Columbia already arguing that Plaintiffs would have no standing were the Court unable to grant complete relief against all Defendants, Plaintiffs' brief could end here. No citation is required (although it is provided below) for the proposition that the Court cannot transfer cases in a manner that destroys jurisdiction. Indeed, for that very reason, the District of Columbia is not an available venue under Section 1404.

The other Defendants' (understandably) evasive positions taken during the meeting and conferring over this motion confirm that the District of Columbia is an indispensable party to this litigation. First, there is the position of the Department of Justice. Although the Department aggressively pushes the outermost limits of standing and ripeness claims in Second Amendment cases,[3] it is silent as to its consent to the City's motion. Notwithstanding excellent, friendly lines of communication among counsel, Defendant Holder's counsel repeatedly refused to state whether they would contest the Court's jurisdiction in the absence of the ability to afford complete relief against the District of Columbia.

For his part, Defendant Flaherty consents to the motion, but has been doubly silent—not only as to his position regarding the Court's jurisdiction in the District of Columbia's absence, but also as to the rather obvious question this move raises with respect to whether Flaherty would consent to the District of Columbia court's personal jurisdiction in the all-but-certain case that, upon severance and transfer, the District of Columbia court finds *him* to be a necessary party, as it could not afford Plaintiffs complete relief without enjoining enforcement of Virginia's law.

---

[3] *See, e.g. Dearth* v. *Holder*, 641 F.3d 499 (D.C. Cir. 2011).

Perhaps the Court's questioning of Defendants at argument would elicit some *direct* answers, which appear manifestly necessary before the Court could even consider the District's drastic request. Will Defendant Holder claim incomplete relief as a jurisdictional defect were the motion granted? Would Defendant Flaherty contest a summons to appear across the river? If the District already acknowledges that relief must be available as against all three Defendants, how could that occur upon severance and transfer? The Court should not have to guess at the answers.

Of course, the parties cannot manufacture, by their consent, the Court's subject matter jurisdiction. Even were all parties in agreement that this Court were capable of rendering complete relief in the District of Columbia's absence, this Court has an independent duty to examine and determine its own jurisdiction, which flows from Article III, not from any private agreement among litigants.

In any event, venue is clearly available here, and Plaintiffs' choice of venue is entitled to substantial deference. This is the home-forum of Defendant Flaherty, and of much of Plaintiff SAF's impacted membership. The District fails to understand that this case is not about gun-registration in the District. This case is about the ban on buying handguns out-of-state, and the immediate dispute among the parties is occurring here, in Virginia, where Plaintiff Lane's guns are sitting and where David Slack's handgun would be sent. It concerns Virginia law, enforced in Virginia by Virginia's Superintendent of State Police, as much as if not more so than it concerns the District. Indeed, the challenged practice is pervasive throughout the United States, as it is mandated by the federal laws here at issue. One might imagine if Superintendent Flaherty's ban on transferring guns to District residents were litigated in the District of Columbia, he might be heard to make the same arguments about the strong interest in having Virginia courts determine

5

the legality of firearms trafficking restrictions in Virginia applied by Virginia's government. The difference, of course, is that Flaherty is not directing any activity take place in the District of Columbia, but the District of Columbia *is* interfering in firearms transactions in Virginia.

Finally, notwithstanding the District's insinuations, *no court* in the District of Columbia has or is considering the practices at issue in this case. But there is no better way to risk multiple courts making different pronouncements on the same matter than by severing jointly-liable, indispensable defendants and shipping them off to litigate in separate venues.

The motion must be denied.

## ARGUMENT

I. THE COURT CANNOT SEVER CLAIMS AGAINST INDISPENSABLE PARTIES.

"A motion to sever pursuant to Rule 21 necessarily requires the Court to consider whether the party is 'indispensable' to the litigation." *Unsecured Creditors*, 190 F.R.D. at 355-56 (citations omitted); *see also CP Solutions PTE, Ltd.* v. *GE*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam); *Buckley* v. *Control Data Corp.*, 923 F.2d 96, 97-98 (8th Cir. 1991); *Fritz* v. *American Home Shield Corp.*, 751 F.2d 1152, 1155 (11th Cir. 1985); *Sams* v. *Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).

"Rule 21 allows the court to dismiss parties 'on such terms as are just,' thus granting considerable discretion to the district court. That discretion is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties." *Lenon* v. *St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (citations omitted).

"Rule 19 is relevant to the determination whether [a party's] dismissal is appropriate under either Rule 21 or Rule 15, since . . . Rule 19 supplies the definition of 'indispensable party'

to be employed by the trial court in ruling on such a motion." *Caperton* v. *Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 692 n.23 (4th Cir. 1978).[4]

II.    THE DISTRICT OF COLUMBIA IS AN INDISPENSABLE PARTY.

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . ." Fed. R. Civ. Proc. 19(a)(1). Among other factors, the Court must consider "whether a judgment rendered in the person's absence would be adequate," Fed. R. Civ. Proc. 19(b)(3), and "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Fed. R. Civ. Proc. 19(b)(4).

The District of Columbia must be joined as a party. *See* Dist. of Columbia Br. Opp. Prelim. Inj., at 6 n.5 (arguing that Plaintiffs lack standing unless the Court could grant complete relief against all three Defendants).

III.   THE COURT CANNOT TRANSFER A CASE TO A VENUE THAT LACKED ORIGINAL JURISDICTION OVER THE CASE.

A district court's discretionary power to transfer a case from an available forum can only be exercised if a case is transferred "to any other district or division *where it might have been brought*." 28 U.S.C. § 1404(a) (emphasis added). If a transferee court lacks personal jurisdiction over a defendant, "it is not a district 'where [the action] might have been brought' under Section 1404(a)." *Hoffman* v. *Blaski*, 363 U.S. 335, 344 (1960) (citation omitted). This is so even if the

---

[4] "Effective December 1, 2007, Rule 19(b) no longer uses the term 'indispensable.' See Fed. R. Civ. P. 19 Advisory Committee's note to 2007 amendment ('['Indispensable'] has been discarded as redundant.'). We use the term here for the sake of convenience. In all other respects, we cite the present version of Rule 19. There is no substantive difference between the present rule and the rule as applied by the district court prior to the 2007 amendment." *CP Solutions*, 553 F.3d at 159 n.2 (citing *Republic of Philippines* v. *Pimentel*, 553 U.S. 851, 856 (2008)).

defendant later waives personal jurisdiction, because the test is whether the case could have originally been brought there. *Id.* "[T]he defendants must be subject to the process of the federal court in the transferee district at the time the action was originally filed. " *Relf* v. *Gasch*, 511 F.2d 804, 807 (D.C. Cir .1975) (footnote omitted).[5]

It is, at best, unclear whether the United States District Court for the District of Columbia had personal jurisdiction over Defendant Flaherty, an indispensable party without whom no court may grant Plaintiffs complete relief. Defendant Flaherty refuses to state whether he would even now consent to that court's jurisdiction, although his present consent is irrelevant—only that court's jurisdiction over him as of the filing of this action matters. Because this action "might [not] have been brought" in Washington, D.C., it cannot now be transferred there—particularly where the District of Columbia is already describing an action lacking the presence of other necessary defendants as one which the Plaintiffs would lack standing to pursue.

IV. EVEN WERE THE DISTRICT OF COLUMBIA AN AVAILABLE VENUE, THE CASE CANNOT BE TRANSFERRED AS THIS IS THE JUDICIAL DISTRICT WHERE A SUBSTANTIAL PORTION OF THE ACTS AND OMISSIONS OCCUR.

Almost all of the cases the District cites supporting severance to permit transfer date from the 1960s. Alas, in 1990, Congress modified the venue statute to confirm the availability of multiple venues. The Fourth Circuit thus abandoned a "weight of the contacts" approach to venue, looking instead for substantiality within "the entire sequence of events underlying the claim." *Mitrano* v. *Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (citations omitted). "Under the

---

[5]A transferee court lacking subject-matter jurisdiction is also not one "where [the action] might have been brought." *See, e.g. Schecher* v. *Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1256 (D. Kan. 2004) (footnote omitted). But separate consideration of subject-matter jurisdiction is redundant. The fact that a transferee court lacks personal jurisdiction over an indispensable party necessarily bars a plaintiff's standing in that court, as it cannot grant complete relief.

amended statute, we no longer ask which district among two or more potential forums is the 'best' venue . . . Rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enters., Corp.* v. *Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (citations omitted).

> The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as "substantial" activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial. Any other approach would restore the pinpointing problem that created the difficulties under the now discarded "claim arose" standard. If the selected district's contacts are "substantial," it should make no difference that another's are more so, or the most so.

*First of Michigan Corp.* v. *Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (citation omitted); *see also Bates* v. *C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992).

"Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys.* v. *Martino*, 36 F.3d 291, 294 (3d Cir. 1994). That is not the case here, where Plaintiffs are complaining about their inability to purchase guns *in Virginia*, and throughout the country.

> The factors courts should consider when determining whether to grant a motion to transfer include (1) the plaintiff's choice of venue; (2) the convenience of the parties and witnesses, (3) the cost of obtaining the attendance of witnesses, (4) the interest of having local controversies decided at home, (5) the ease of access to sources of proof, and (6) the interests of justice. A plaintiff's choice of forum is entitled to "substantial weight," unless the plaintiff chooses a foreign forum and the cause of action bears little relation to the chosen forum. It is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor transfer in favor of the defendant.

*Verizon Online Servs*. v. *Ralsky*, 203 F. Supp. 2d 601, 623-24 (E.D. Va. 2002) (citations omitted); *see also Coors Brewing Co.* v. *Oak Bev. Inc.*, 549 F. Supp. 2d 764 (E.D. Va. 2008).

All of these factors weigh against transfer. But the one factor not considered by the Court is the only one truly at issue here: the District's misplaced desire for forum-shopping.

1.  *Plaintiffs' Choice of Venue*

The District's argument that Plaintiffs are not entitled to substantial weight in their choice of venue, because this is not Plaintiffs' home forum, is factually strained. Plaintiff SAF clearly has representational standing on behalf of its members, *Ezell* v. *City of Chicago*, __ F.3d __, 2011 U.S. App. LEXIS 14108 at *22 (7th Cir. July 6, 2011), and SAF has many members impacted by the challenged provisions residing in Virginia. Versnel Decl., ¶ 2.

Beyond that, this District *is* the home of Defendant Flaherty, who refuses to respond to any questions about whether he would consent to personal jurisdiction anywhere else. And after all, the dispute centers around the buying and selling of guns in this judicial district.

2.  *Convenience, Cost, and Ease of Access*

The District concedes it has no cause to complain about the second, third, and fifth factors, relating to the convenience of the parties and witnesses, the cost of obtaining the attendance of witnesses, and the ease of access to sources of proof.

3.  *Local Controversies Decided At Home*

Plaintiffs Lane and Welling are suing because they cannot transfer guns *in Virginia*, including two handguns already located here. Plaintiff SAF is suing on behalf of its members nationwide, many of whom would purchase handguns in Virginia while visiting from other states, and others who would purchase handguns in other states and bring them back to their Virginia homes. The case concerns enforcement of, among others, a duly enacted Virginia law. And again, this judicial district is home to Defendant Flaherty.

Washington, D.C. may be the capital of the United States, but it is not the center of this dispute. *All* of the concerns about having "local controversies decided at home" weigh heavily in preserving venue here. This Court's opinion in *Coors*, upon which the District heavily relies, is thus inapposite. In *Coors*, none of the parties did business in or had any significant contact with Virginia, "the cause of action occurred in New York," and the case "turn[ed] on interpretation and application of a New York statute." *Coors*, 549 F. Supp. 2d at 773. In contrast, all the parties here—including the District of Columbia—have significant contact with Virginia (not the least of which is the District's direction of what must occur *in Virginia* when its residents shop here for firearms). The cause of action—the inability to transfer a handgun—is occurring in Virginia (Plaintiffs are *not* complaining about their inability to purchase guns in the District of Columbia). And the action turns on interpretation and application not only of a District law, but of a Virginia law and, primarily, of a federal law.

The District's claims that failure to transfer might "result in a split between the Fourth Circuit and the District of Columbia Circuit regarding the constitutionality of the handgun registration and regulation program in the city of Washington," Dist. Br. at 20, is specious. Plaintiffs are most certainly *not* challenging Washington's "registration and regulation program." And *no litigation in the District of Columbia addresses the interstate handgun sales ban*. The so-called *Heller II* litigation does not touch upon the interstate handgun sales prohibition—not the Districts' version of the interstate handgun sales ban, and not the federal or Virginia versions, the injunction of which would be required for complete relief against the practice. To be sure, a complete victory for the *Heller II* plaintiffs would radically change *other aspects* of the District's law—but it would not impact the interstate handgun sales ban. For the Court's convenience, the

11

operative complaint in *Heller II*, which is the best evidence of what is being litigated there, and lies within judicial notice, is attached hereto as Exh. A.

The only risk of a circuit split concerning the constitutionality of the same laws is presented by the District's motion—with one court potentially striking down the interstate handgun sales ban, while the other affirms the practice.

    4.    *The Interests of Justice*

It is difficult to see how justice would be served by forcing Plaintiffs to litigate the same claim in multiple venues, with the attendant risk of conflicting decisions—if this were even possible, given the need to have all Defendants before one court that may grant complete relief.

V.    THE DISTRICT'S FORUM-SHOPPING DESIRES ARE AFFORDED NO WEIGHT.

The District of Columbia erroneously alleges that Plaintiffs filed this case in Virginia to take advantage of the Fourth Circuit's approach to the Second Amendment, which does not prevail in the D.C. Circuit. For this express reason—the desire to have more favorable legal standards—the District is shopping for a different forum across the river.

The argument is riddled with flaws. First, the Plaintiffs chose this venue because they cannot get complete relief without suing Defendant Flaherty, who is not apparently subject to suit in the District of Columbia over his enforcement of Virginia's transfer laws relating to handguns located in Virginia. Indeed, the District was not originally a defendant, until Plaintiffs' counsel realized that notwithstanding the permissive D.C. Code, the city's municipal regulations thwarted the Plaintiffs' desired relief.

Second, the District has not enjoyed particular success defending its gun laws before the D.C. Circuit. *See Parker* v. *District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), *aff'd sub nom*

*District of Columbia* v. *Heller*, 554 U.S. 570 (2008).  Plaintiffs appreciate the District's concession that the Fourth Circuit would likely frown upon the interstate handgun sales ban, but nothing in the D.C. Circuit's approach to the Second Amendment should encourage the city. Meanwhile, the District Court's opinion in the so-called *Heller II* case is not binding upon any of the judges to whom this case might be assigned.  Moreover, by its own terms, *Heller II*'s intermediate-scrutiny discussion was overruled in *McDonald* v. *City of Chicago*, 130 S. Ct. 3020 (2010). *See* Discussion in Plaintiffs' Reply Br. on Prelim. Inj.

Third, this is crass, unconcealed forum-shopping. "We have no sympathy with shopping around for forums. As we said . . . 'the courts of one District or Circuit must be presumed to be as able and as well qualified to handle litigation as those in another.'" *Clayton* v. *Warlick*, 232 F.2d 699, 706 (4th Cir. 1956) (citation omitted). "[F]orum shopping must not be indulged in the face of multiple litigation especially where, as here, the shopper is offered an equally convenient forum." *General Tire & Rubber Co.* v. *Watkins*, 373 F.2d 361, 369 (4th Cir. 1967). Of course,

> [t]here is nothing inherently evil about [Plaintiff] forum-shopping. The statutes giving effect to the diversity jurisdiction under the Constitution, 28 U.S.C. § 1332 (jurisdiction) and § 1391 (venue) are certainly implicit, if not explicit, approval of alternate forums for plaintiffs. . . . Thus, complaints about forum shopping expressly made possible by statute are properly addressed to Congress, not the courts.

*Goad* v. *Celotex Corp.*, 831 F.2d 508, 512 n.12 (4th Cir. 1987).

But again, Plaintiffs are not here because of forum-shopping. Plaintiffs are here because this Court can offer them complete relief. It would be nice to be able to select from a multiplicity of legal regimes, but for better or worse, with all its benefits and challenges, and risks on both sides, this Court provides the only available venue. If the District did not want to get sued in Virginia, it should not have interfered in firearms transactions that occur here.

## CONCLUSION

The District's motion must be denied.

Dated: July 13, 2011                    Respectfully submitted,

                                            Alan Gura (Va. Bar No. 68842)
                                            GURA & POSSESSKY, PLLC
                                            101 N. Columbus Street, Suite 405
                                            Alexandria, VA 22314
                                            703.835.9085/Fax 703.997.7665

                                 By: /s/ Alan Gura
                                            Alan Gura
                                            Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Anna Elizabeth Cross
U. S. Attorney Office
2100 Jamieson Avenue
Alexandria, VA 22314
anna.cross@usdoj.gov
Counsel for Eric Holder

Catherine Crooks Hill
Office of the Attorney General
900 E Main St
Richmond, VA 23219
cchill@oag.state.va.us
Counsel for W. Steven Flaherty

Thomas L. Koger
Office of the Attorney General for the
District of Columbia
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Thomas.Koger@dc.gov
Counsel for District of Columbia

/s/ Alan Gura
Alan Gura
GURA & POSSESSKY, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com
Counsel for Plaintiffs